UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KIMBERLY S. CLARK,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2607

E. I. DUPONT DE NEMOURS AND
COMPANY, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CA-94-67-H)

Submitted: May 16, 1996

Decided: May 30, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kerry Dane Armentrout, GREEN & O'DONNELL, Harrisonburg,
Virginia, for Appellant. Eva S. Tashjian-Brown, MCGUIRE,
WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia;
Bruce M. Steen, MCGUIRE, WOODS, BATTLE & BOOTHE,
L.L.P., Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kimberly Clark appeals from the district court's order dismissing her employment discrimination suit, 42 U.S.C.A § 2000e (West 1994), for failure to serve the Defendant within 120 days as required by Fed. R. Civ. P. 4(m). Clark filed her complaint on September 20, 1994. However, the Defendant was not served until February 15, 1995, approximately 150 days later. Clark did not file a motion to extend the time for effecting service until after the Defendant filed a motion to dismiss the complaint for failure to timely serve under Rule 4(m). The district court denied Clark's motion for an extension and granted the Defendant's motion to dismiss. We affirm.

Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause. Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995). "Both Rule 4(m) and Rule 6(b) allow the district court discretion to extend the time for service." Id. at 79. If the request is made after the expiration of the 120-day period, the moving party must show that the failure to act "was the result of excusable neglect." Fed. R. Civ. P. 6(b).

Clark's only excuse for her failure to timely serve the Defendant was that she relied on a commercial process server"but for reasons unknown to [her], service was not made." (Brief of Appellant, p. 6). Moreover, Clark's motion for enlargement of time was not filed until five months after the expiration of the 120-day limit. We agree with the district court's conclusion that Clark failed to establish either good cause for her failure to comply with Rule 4(m) or excusable neglect entitling her to an extension under Rule 6(b). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2