**Elpidio MENDEZ, Plaintiff–Appellant,**

v.

**Richard N. ELLIOT, individually and in his official capacity; The City of Gaithersburg, Maryland; Montgomery County, Maryland, Defendants–Appellees.**

No. 94–1529.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1994.

Decided Jan. 25, 1995.

**ARGUED:** Laurence Samuel Kaye, Rockville, MD, for appellant. Edward Barry Lattner, Asst. County Atty., Rockville, MD, for appellees. **ON BRIEF:** Stephen F. Allen, Stephen F. Allen, P.C., Rockville, MD, for appellant. Joyce R. Stern, County Atty., Linda B. Thall, Sr. Asst. County Atty., Rockville, MD, for appellee Montgomery County; Paul T. Cuzmanes, Samuel M. Riley, Wilson, Elser, Moskowitz, Edelman & Dicker, Baltimore, MD, for appellees Elliot and The City of Gaithersburg.

Before MURNAGHAN and NIEMEYER, Circuit Judges, and HARGROVE, Senior United States District Judge for the District of Maryland, sitting by designation.

Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Judge MURNAGHAN and Senior Judge HARGROVE joined.

## OPINION

NIEMEYER, Circuit Judge:

The district court dismissed this case without prejudice under Federal Rule of Civil Procedure 4(j), now renumbered as Rule 4(m), because the plaintiff failed to serve any defendant within 120 days after the complaint was filed. Plaintiff contends that he had requested an extension of time within which to effect service prior to the expiration of the 120–day period and that the court granted the request. He argues that dismissal, by a different district court judge, was an error as a matter of law. We disagree and accordingly affirm.

### I

Elpidio Mendez filed a complaint in the district court under 42 U.S.C. § 1983, alleging that the defendant police officers used excessive force in arresting him on April 28, 1990. The complaint was filed on April 26, 1993, and therefore the deadline for service of the summons and complaint on defendants was August 24, 1993. See Fed.R.Civ.P. 4(m) (requiring service of process within 120 days after the filing of the complaint). Service on the defendants was accomplished on October 20, 1993, 177 days after the complaint was filed and 57 days after the deadline for service of process had passed.

Because Mendez failed to obtain an extension of time under Federal Rule of Civil Procedure 6(b) within which to serve the defendants and because Mendez failed to demonstrate good cause for a delay in service, the district court dismissed the case. Since Mendez argues on appeal that he in fact did receive an extension of time to serve the defendants, a review of the procedural history in this case is necessary.

On July 7, 1993, more than two months after the complaint was filed, District Judge J. Frederick Motz' courtroom deputy wrote Mendez noting the lack of service upon any defendant and requesting a status report on or before July 21, 1993. On July 22, 1993, Mendez responded, "[I]t is my intention to attempt to settle this matter before serving the Summons/Complaint on the defendants." Mendez' counsel, however, had not even contacted the defendants about discussing settlement of the case at that time.

A month later, on August 11, 1993, Judge Motz again requested a status report from Mendez, to be provided on or before August 20, 1993. Again late in response to the judge's request, Mendez wrote on August 23, 1993, as follows:

> Copies of the Complaint have been sent to the claim representatives for the Defendants, per their request, and Counsel for Plaintiff is presently preparing affidavits of witnesses for this case, which also will be sent to Defendants, for a determination of whether a settlement offer will be forthcoming in this matter before the Summons and Complaint are served on the parties.

At this same time, Mendez' counsel mailed copies of the complaint to the defendants, expressing for the first time a desire to explore whether a settlement could be negotiated. The next day, on August 24, 1993, the 120–day deadline established by Federal Rule of Civil Procedure 4(m) passed.* Settlement negotiations had not yet begun and Mendez had not asked the court for any extension of the service deadline.

When Judge Motz received Mendez' August 23 communication, he responded in a letter dated August 31, 1993, asking Mendez to provide a further status report on or before September 30, 1993.

On October 1, 1993, more than 150 days after the complaint had been filed, Mendez, for the first time, requested that the district court allow the parties to continue their settlement efforts and arguably requested by implication a delay in service. His communication to the court stated:

> I have recently asked the City of Gaithersburg and Montgomery County governments if they prefer to negotiate a potential settlement or proceed to litigate this matter.

---

* On August 24, 1993, the rule was still numbered 4(j); it was not Rule 4(m) until December 1, 1993. For convenience, we have referred to the renumbered rule in our discussion, except in places where the discussion is historical.

78

I still await a response from them and would respectfully request that this Court continue to allow all parties to continue in these settlement efforts.

On October 7, 1993, Judge Motz responded:

In light of the fact that this case has been pending without any action for over five months, I am unwilling to grant the stay which you request. If you desire to prosecute the claim, you must effect service upon defendants on or before October 22, 1993.

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Mendez served the defendants on October 20, 1993.

The case was reassigned to District Judge Deborah K. Chasanow on November 8, 1993, and, after receiving motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for failure to effect timely service, she dismissed the complaint without prejudice on January 13, 1994, and thereafter denied Mendez' motion for reconsideration. She concluded that Mendez never filed a proper motion under Rule 6(b) to obtain an extension and that Mendez' opposition to the motion to dismiss failed to establish good cause or otherwise justify the delay in service. Relying on the holding in *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987), Judge Chasanow ruled that neither Judge Motz' courtroom deputy's letter nor Judge Motz' letters constituted extensions of time under Rule 6(b). She rejected Mendez' arguments that the defendants had not shown prejudice and that any dismissal had to be at the court's own initiative, instead of on motion by one of the parties. In response to Mendez' contention that, despite the rule's provision for dismissal without prejudice, Mendez would indeed be prejudiced by a dismissal because the statute of limitations had run, Judge Chasanow concluded that "without prejudice" does not mean "without consequence," citing *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir.1989). Finally, she rejected the notion that Mendez' settlement efforts constituted good cause. While she recognized that at least one court has held

that good faith attempts to settle may constitute good cause, *see Assad v. Liberty Chevrolet, Inc.*, 124 F.R.D. 31 (D.R.I.1989), Judge Chasanow concluded that, in this case Mendez had made no good faith attempt to engage in serious settlement negotiations with any of the defendants prior to August 24, 1993, when the service period lapsed. The efforts that Mendez made after August 24, 1993, the district court noted, were irrelevant (and, we note, not reciprocated).

II

Federal Rule of Civil Procedure 4(j), first included with the 1983 amendments to the federal rules, was part of a new scheme for service that was intended principally to relieve United States Marshals of the burden and expense of serving summonses. *See Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure*, 96 F.R.D. 81, 117, 125 (1983). In transferring the burden of service to the litigants and imposing on them a 120–day period for service, the amendments also serve to encourage more efficient, speedy and inexpensive litigation, values espoused by Rule 1. *See* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 385 (1987). Under Rule 4(j), if a plaintiff is not diligent and fails to serve the complaint within 120 days or such further time period as ordered by the court for good cause, the case shall be dismissed without prejudice. The "without prejudice" condition permits a plaintiff to refile the complaint as if it had never been filed. Rule 4(j) does not, however, give the appellant a right to refile without the consequence of time defenses, such as the statute of limitations. *See Changes in Federal Summons Service*, 96 F.R.D. at 120.

Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m), effective December 1, 1993. Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause. *See, e.g., Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir.1993) (Rule 4(m) requires that an action be dis-

missed absent good cause for failure to serve within 120 days); *In re Cooper*, 971 F.2d 640, 641 (11th Cir.1992) ("[A] district court has no discretion to salvage an action once the court has found a violation of [Rule 4(m) ] and a lack of good cause."). Both Rule 4(m) and Rule 6(b) allow the district court discretion to extend the time for service. Rule 6(b) enables the court to act "(1) with or without motion ... if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect." Whether the court acts before or after the deadline for service has passed, however, the court may only grant the extension for good cause. *See* Fed.R.Civ.P. 4(m).

■ In this case Mendez argues that both Judge Motz' August 31 letter and his October 7 order amount to Rule 6(b) extensions because Judge Motz issued both of these directives *after* the 120-day deadline for service had passed and therefore must have intended to grant an extension of time for service. There are several problems with this argument. In connection with the August 31 letter, Mendez never requested an extension of time and Judge Motz never granted an extension. If Judge Motz was even aware of the fact that the 120-day period had expired, he certainly manifested no intent to extend it. The August 31 letter, which responded to the letter Mendez sent before the expiration of the 120-day period, simply directed Mendez to provide a status report on the case by September 30, 1993.

■ With respect to Judge Motz' October 7 order, Mendez had made a request on October 1 for an opportunity to attempt to settle the case. If this request was one for an extension, he failed to satisfy Rules 4(m) and 6(b) by failing to establish both good cause for the lack of service and excusable neglect for not filing the motion to extend service before the expiration of the 120-day period. Moreover, Mendez cannot characterize Judge Motz' response, directing Mendez to effect service by October 22 if he intended to prosecute the case, as granting the extension. To the contrary, Judge Motz said in

the order that he was unwilling to grant the request for such an extension. Indeed, neither Judge Motz nor Mendez ever mentioned Rules 4(m) or 6(b) or the 120-day deadline for service. There is thus no evidence that Judge Motz intended to grant an extension in either his August 31 or his October 7 correspondence.

■ Mendez argues that because Judge Motz continued to administer the case after the expiration of the 120-day deadline, he must have intended implicitly to grant a Rule 6(b) extension of time to serve the defendants. However, there is no evidence that Judge Motz intended any such thing. Mendez never brought the deadline to Judge Motz' attention and never requested that the deadline be extended. Thus it was not an abuse of discretion for Judge Chasanow, reviewing this correspondence, to have concluded that Judge Motz had not granted a Rule 6(b) extension and that therefore the service effected 177 days after the filing of the complaint was untimely.

We fail to find any appreciable difference between this case and *Braxton v. United States*, 817 F.2d 238 (3d Cir.1987). In *Braxton*, the Third Circuit affirmed the district court's dismissal for untimely service of process, despite a letter from the district judge's clerk after the 120-day deadline had passed directing the plaintiff to " 'take the steps necessary to have service made within fifteen (15) days from the date of this letter in accordance with Rule 4(j).' " *Id.* at 239. The letter concluded by stating that " '[i]f service is not made within the time set forth above, the Court will consider dismissal of the action....' " *Id.* The Third Circuit noted that the district court's letter could not have prejudiced the plaintiff because the time for service had already expired when the letter was written. The court also rejected the plaintiff's contention that the letter constituted an automatic extension of the deadline for service, because "the rule provides for an extension of time only for good cause." *Id.* at 242. We are unable to say that Judge Motz' order can be distinguished from the clerk's letter in *Braxton*.

■ Even if we were to reach the question of whether Judge Chasanow was clearly erroneous in finding that good cause had not

been shown, we would still affirm. Rule 4(m) requires that good cause be shown for obtaining an extension. While Mendez has consistently argued that settlement negotiations ongoing between the parties constituted good cause, relying upon *Assad v. Liberty Chevrolet, Inc.,* 124 F.R.D. 31 (D.R.I.1989), he failed to support that argument with the necessary facts. The record demonstrates that Mendez never even broached the subject of settlement with the defendants until his August 23 letter, mailed one day before the deadline for service of process expired, and there is no indication that the defendants had any serious interest in negotiating a settlement. On this record Judge Chasanow found that "[p]laintiff made no good faith attempt to engage in serious settlement negotiations with any of the Defendants prior to August 24, 1993—the 120th day." As a result, Judge Chasanow found that there was no good cause for an extension. We cannot conclude that such a finding was clearly erroneous.

Finding no error in the district court's determination that plaintiff had neither requested nor obtained an extension under Rules 4(m) and 6(b), the order of the district court dismissing this case for failure to serve the complaint within 120 days after its filing is affirmed.

*AFFIRMED.*