**John S. COATES**

**v.**

**Donna E. SHALALA, Secretary, Department of Health and Human Services.**

**Civil No. L–94–2966.**

United States District Court, D. Maryland.

Jan. 25, 1996.

Stephen J. Dunn, Baltimore, Maryland, for plaintiff.

Diane M. Lank, Assistant United States Attorney, Baltimore, Maryland, for defendant.

## MEMORANDUM

LEGG, District Judge.

Before the Court is defendant's motion to dismiss, or in the alternative, motion for summary judgment. Plaintiff brings this suit pursuant to 42 U.S.C. § 2000e, *et seq.* ("Title VII") for discrimination by his employer based on age, disability, and race. Defendant seeks the dismissal of plaintiff's suit for failure to file the complaint within the time required by statute, or in the alternative, failure to effect service within the 120–day period specified under Fed.R.Civ.P. 4(m). For the following reasons, defendant's motion will be denied by separate Order.

## I. STATEMENT OF FACTS

On July 14, 1993, Plaintiff Coates, through his then attorney, appealed a final decision of the Secretary of the Department of Health and Human Services (the "Secretary") to the Equal Employment Opportunity Commission ("EEOC"). The Secretary had found that Coates had not been discriminated against on the basis of his race/color (black), sex (male), disability (hypertension, anxiety disorder, and foot problems), or in reprisal for bringing a complaint against his employer. (Def's Mem.Supp.M.Summ.J. ex. 2).

On September 16, 1993, plaintiff's then counsel unilaterally severed her relationship with Coates for monetary reasons. (Pl's Mem.Opp.M.Summ.J. ex. 4). Neither Coates nor his attorney informed the EEOC of the termination of the attorney-client relationship.

On July 21, 1994, the EEOC affirmed the Secretary's decision, and mailed its decision to plaintiff and his former counsel. Plaintiff's former counsel received the EEOC's decision (the "Decision") on July 26, 1994, and plaintiff received the decision on July 28, 1994. Compl. ¶ 9.

On October 26, 1994, plaintiff, in a *pro se* capacity, filed the complaint in the instant case. This Court, in a memorandum dated February 16, 1995, directed plaintiff to submit an affidavit indicating the date of service on the defendant, and informing plaintiff that said service should be made within 120 days of the filing of the complaint. Plaintiff proceeded to severe copies of the summons and complaint on i) the Attorney General on February 24, 1995, ii) the United States Attorney for the District of Maryland on February 27, 1995, and iii) the Secretary no later than January 30, 1995.

## II. DISCUSSION

### A. Standard of Review

Because the parties have filed affidavits and exhibits, the Court will treat defendant's motion as a motion for summary judgment. Fed.R.Civ.P. 56. The Court shall grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "The summary judgment inquiry thus scrutinizes the [non-moving party's] case to determine whether the [non-moving party] has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1316 (4th Cir. 1993); *accord Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888–89, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990). In determining whether there exists a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. *Overstreet v. Kentucky*

*Cent. Life Ins. Co.*, 950 F.2d 931, 937–38 (4th Cir.1991).

### B. *Failure to File Within 90 Days*

■ Under 42 U.S.C. § 2000e–5(f)(1) "[i]f a charge filed with the Commission ... is dismissed by the Commission, ... the Commission ... shall notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved." The ninety day limitation is similar to a statute of limitation, and is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982).

■ The Supreme Court has held that notice of the EEOC's decision is "received" when the EEOC delivers the notice to the claimant's representative. *Irwin v. Veterans Affairs*, 498 U.S. 89, 92, 111 S.Ct. 453, 455–56, 112 L.Ed.2d 435 (1990).[1] Thus, defendant contends that when Coates' attorney of record received the Decision on July 26, 1994, the ninety (90) day time period began to run. Because plaintiff filed his complaint on October 26, 1994, ninety-two (92) days after the delivery of the Decision to the attorney, defendant argues that the action should be time barred.

The facts of the instant case, however, are distinguishable from those of *Irwin.* Unlike in *Irwin*, plaintiff and his attorney were no longer in an attorney-client relationship. Coates' former attorney did not have the authority to accept correspondence for plaintiff nor act as his representative. Thus, delivery to Coates' former attorney did not constitute notice to plaintiff, and the ninety day time limitation did not begin to run until Coates receive the Decision himself. *See Cumbow v. Vermont American Corp.*, 586 F.Supp. 873 (W.D.Va.1982) (holding that the delivery of an EEOC decision to the former attorney of a claimant did not constitute notice to the claimant).

Defendant averred that he received his copy of the Decision on July 28, 1994,[2] ninety days prior to the filing of the complaint. Because Coates filed the suit within the ninety day time period required by statute, the suit was properly filed.

### C. *Failure to Serve Within 120 Days*

■ In an action against an officer or agency of the federal government, plaintiff must serve process on both the named official or agency and the United States. Fed. R.Civ.P. 4(i)(2).

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Defendant argues that because, plaintiff failed to serve the United States Attorney's office within one-hundred twenty (120) days of the filing of the complaint, the suit should be dismissed without prejudice.[3] Fed.R.Civ.P. 4(m).[4]

In 1993, Congress amended the Federal Rules of Civil Procedure including Rule 4. Prior to the 1993 amendments, the court could extend the time for service of the summons and complaint only upon a showing of "good cause." Under the current version of Rule 4, however, the Court's discretion has

---

1. In *Irwin*, an EEOC right to sue letter was delivered to the claimant's attorney's office while the attorney was on vacation. Neither the attorney nor claimant learned of the letter until two weeks after the letter was delivered. The Supreme Court held that the time limitation began to run from the time the letter was delivered to the attorney's office.

2. Defendants do not dispute the date plaintiff received the letter in their motion. The Court, therefore, will assume July 28, 1994 to be the date of receipt.

3. It is uncontested that plaintiff served the Attorney General and the Secretary in a timely manner.

4. Were the suit to be dismissed without prejudice, plaintiff would be barred from re-filing the suit because it would be time barred.

been substantially expanded. *See Espinoza v. United States,* 52 F.3d 838 (10th Cir.1995); *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298 (3rd Cir.1995).

The plain language of Rule 4(m) allows the Court to extend the time for service even when plaintiff cannot show "good cause." *Espinoza,* 52 F.3d at 840–41. As stated in the Advisory Committee note to Rule 4(m):

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service ..., and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Circumstances in which the advisory committee suggests that the Court should exercise its discretion include *pro se* claims and cases in which "the application of statute of limitations would bar the refiled action." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

In the instant case, plaintiff has not argued that there was good cause as to why service of process was not completed within the prescribed time limit.[5] Thus, the Court is not required to granted an extension of time to Coates. However, because plaintiff was acting *pro se* at the time and because dismissal under Rule 4(m) would effectively bar his claim, the Court, in its discretion, grants plaintiff a waiver of the consequence of Rule 4(m) and deems defendant properly served.

### III. *CONCLUSION*

For the reasons stated above, the Court will DENY defendant's motion to dismiss, or in the alternative, motion for summary judgment, by separate Order.

### *ORDER*

For the reasons given in a Memorandum of even date, the Court hereby:

DENIES defendant's motion to dismiss, or in the alternative, motion for summary judgment.

IT IS SO ORDERED this 25th day of January 1996.

---

**5.** The Court notes that under Rule 4(i)(3) partial service of the government may provide "good cause" for a late service of particular government officials. *See Espinoza,* 52 F.3d at 842. Rule 4(i)(3) states:

> The court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States if the plaintiff has effected service on either the United States Attorney *or* the Attorney General of the United States. (emphasis added)

The purpose of this section of Rule 4(i) is to "save[] the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service. Fed.R.Civ.P. 4(i)(3) advisory committee note.

The Secretary, for the purposes of this motion, accepts plaintiff's representation that he effected service on the Attorney General on or before February 24, 1995 and that the Attorney General was properly served. Def's Mem.Sup. M.Summ.J. at 3. Thus, because the Attorney General was properly served, plaintiff may be entitled to "a reasonable time" beyond the 120–day limit to serve the United States Attorney. In the instant case, however, the Court need not decide whether Rule 4(i)(3) mandates the extension of time for service.