**UNITED STATES of America, Plaintiff,**

v.

**Richard W. BRITT, Defendant.**

**Civil No. AMD 96–1026.**

United States District Court,
D. Maryland.

Dec. 2, 1996.

Charles Hayden Keen, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, Lynne A. Battaglia, U.S. Attorney, Baltimore, MD, for plaintiff.

No appearance entered for defendant.

## AMENDED MEMORANDUM and ORDER

DAVIS, District Judge.

In an Order filed on September 11, 1996, I dismissed this action without prejudice pursuant to Fed.R.Civ.P. 4(m). I explained the circumstances surrounding these proceedings in a subsequent order, as follows:

It appeared from a routine docket review that the United States had failed to serve the summons and complaint within 120 days as required by Fed.R.Civ.P. 4(m), in this case involving a claim for unpaid estate taxes against a non-resident of this District, which had been filed on April 4, 1996. In accordance with Local Rule 103.8, the United States was ordered (by Order entered and mailed on August 26, 1996) to show cause within 14 days why the case should not be dismissed without prejudice. Fifteen days later, no response having been received as of September 10, 1996, this case was dismissed without prejudice, by order of that date, filed and mailed on September 11, 1996.

On September 16, 1996, the United States filed a "Request to File Response to Show Cause Order Out of Time" together with its "Response to Show Cause Order."

1996 can likewise in no way be deemed the equivalent of compliance with the "safe harbor" provisions.

Those documents were not accompanied by an affidavit, declaration or other evidentiary matter. Essentially, the United States sought to explain that defendant had apparently relocated from South Carolina to Florida, and also, after being located, had been uncooperative in waiving service, or even in responding to a request for waiver of service. The United States also noted (without establishing through appropriate documentation) that while the **summons** had not been served upon the defendant, nevertheless a copy of the **complaint** had been served during the 120–day period authorized by Rule 4(m). In any event, the United States has requested an additional 45 days in which to effect service upon the defendant.

Circuit precedent requires that the court make a finding of good cause under these circumstances, even where, as here, a limitations defense may bar suit if an extension is not granted. *Mendez v. Elliot,* 45 F.3d 75, 78–79 (4th Cir.1995). Moreover, since the request for an extension has been made outside of the 120–day period of Rule 4(m) (no prior extension having been requested or granted), Fed.R.Civ.P. 6(b) requires a finding of "excusable neglect." *Id.* at 79.

The Court can discern no principled basis upon which to make either of those required findings in this case. " 'Excusable neglect' is not easily demonstrated, nor was it intended to be." *See Thompson v. E.I. duPont de Nemours & Co.,* 76 F.2d[F.3d] 530, 534 (4th Cir.1996). Nor has the United States demonstrated "good cause" for its failure to attend to its responsibilities under Rule 4(m).

Thus, I refused to reopen the case and denied the United States' belated request for additional time within which to effect service of process.

The United States has now filed a motion to reconsider. The United States has provided an affidavit of counsel responsible for attending to the service of the defendant in this case. The affidavit simply amplifies the earlier representations that the defendant failed to respond to the United States' effort to obtain a waiver of service under Fed.

R.Civ.P. 4(d). Also, the motion for reconsideration points out that the Fourth Circuit's *Mendez* opinion is unfaithful to the spirit of the 1993 amendment to Fed.R.Civ.P. 4(j), which broadened the discretion of district judges to extend the time for service by discarding the stringent "good cause" requirement under the redesignated rule, Fed. R.Civ.P. 4(m).

■ It is true that *Mendez* has been criticized for its continued insistence upon a showing of "good cause" notwithstanding the 1993 amendment. *Thompson v. Brown,* 91 F.3d 20, 21 n. 1 (5th Cir.1996). *Cf. Henderson v. United States,* — U.S. —, — – —, 116 S.Ct. 1638, 1642–44, 134 L.Ed.2d 880 (1996) (recognizing that Rule 4(m) no longer conditions extensions for service of process upon a showing of good cause); *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340–41 (7th Cir.1996) (citing *Henderson* ). *See* 4A Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1137, at 64, n. 13 (2d ed. 1987; 1993 Supp.) ("The Fourth Circuit improperly held [in *Mendez* ] that Rule 4(j) was edited without substantial change and renumbered as Rule 4(m) by the 1993 Amendments."). Nevertheless, as Judge Keeley's scholarly opinion in *T & S Rentals v. United States,* 164 F.R.D. 422, 424–25 (N.D.W.Va.1996), points out, district courts in this Circuit are not free to disregard *Mendez. See also Braithwaite v. Johns Hopkins Hospital,* 160 F.R.D. 75, 77 (D.Md.1995). *And see Clark v. E.I. DuPont De Nemours and Co.,* 86 F.3d 1149, 1996 WL 283321, at *2 (4th Cir. May 30, 1996) (unreported disposition affirming district court's order of dismissal) (applying *Mendez* ).

■ Even if I were free to disregard the requirement that "good cause" be demonstrated, I would nevertheless decline to exercise my discretion to extend the time for service. From the materials included with the United States' motion for reconsideration, it is plain that plaintiff had actual knowledge no later than the first week of June 1996 that the defendant had failed to respond to the request for waiver of service. Thus, the United States took no action to effect service over a period of more than 90 days. The requirements of the rules apply

**10**

equally to the government and to private litigants, *see United States v. General Marketing Group,* 742 F.Supp. 1173 (C.I.T.1990), and a standard of due diligence should apply to all litigants. Such a lack of diligence as is demonstrated in the present case should not earn dispensations from the court, even where limitations may bar the refiling of the claim. *See Panaras,* 94 F.3d at 341.

Accordingly, the motion for reconsideration is this 2nd day of December, 1996, DENIED.