Elizabeth JOHNSON, Plaintiff,

v.

**UNITED STEEL WORKERS OF AMERICA, et al., Defendant.**

**Civil Action No. 96–216–B.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

April 18, 1997.

---

Anthony E. Collins, Anthony E. Collins, P.C., Wise, VA, for Plaintiff.

Scott W. Mullins, Scott W. Mullins, P.C., Coeburn, VA, Daniel M. Kovalik, United Steelworkers of America General Counsel, Pittsburgh, PA, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

The defendant moves to dismiss this action on the ground that the summons was not served within 120 days after the complaint was filed, in violation of Fed.R.Civ.P. 4(m). I find that the defendant has not shown in fact that there was a defect in service, but even if proved, such a defect would not justify dismissal.

*I*

The plaintiff in this case has sued the United Steel Workers of America, AFL–CIO/CLC ("Union"), a labor union, pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976).[1]

The complaint was filed October 15, 1996. On January 9, 1997, an employee of the Union, Peggy Reynolds, was served with a copy of the complaint at the Union's offices in Roanoke, Virginia, by Vicki G. McCorkle, a deputy sheriff of Roanoke County.

The Union filed its answer on January 28, 1997. As affirmative defenses, the Union asserted that "[p]rocess was insufficient . . . [s]ervice of process was insufficient . . . [and] jurisdiction over [d]efendant USWA is lacking." (Compl.¶¶ 12, 13, 14.)

Counsel for the plaintiff represented to the court that following receipt of this answer, he had called local counsel to inquire about these affirmative defenses, but had been told by that attorney that he was uncertain of the allegations supporting these defenses and had been referred to in-house counsel for the Union. The plaintiff's attorney said he had attempted to reach in-house counsel, but had been advised that he was out of his office as a result of his wife's delivery of a child. The

1. The plaintiff also sued her former employer, Norton Community Hospital, but has voluntarily dismissed that defendant.

Union's attorney recalled that he had been out of his office only about a week, and had not received any messages from plaintiff's counsel.

█ In any event, on February 20, 1997, the Union filed a motion to dismiss, alleging, on the basis of an affidavit of Peggy Reynolds, that the summons was not served with the complaint, and had yet to be served.[2] Since Fed.R.Civ.P. 4(m) requires service of both the summons and the complaint within 120 days of the filing of the complaint, and since more than 120 days had elapsed, the defendant contends that the action ought to be dismissed.

In her response to the motion to dismiss, the plaintiff points out that the return of service by Ms. McCorkle, signed by her under penalty of perjury, recited that service of both the summons and complaint had been made on Ms. Reynolds. The defendant notes, however, that the return of service is a printed form and for this reason the failure of service of the summons by Ms. McCorkle might have been easily overlooked by her when she signed the return of service. In connection with the present motion, the plaintiff has submitted a facsimile of an affidavit by Ms. McCorkle that she did serve the summons and complaint.

Finally, the defendant draws the attention of the court to the fact that the co-defendant, Norton Community Hospital, before it was voluntarily dismissed, also asserted by motion to dismiss that the summons had not been served on its registered agent along with the complaint. Accordingly, the Union contends that there is a reasonable inference that the failure occurred as to both defendants, presumably through some clerical error by the plaintiff's counsel.[3]

## II

█ The common law view was that an officer's return was not subject to impeachment and the remedy, if any, was against the officer's bond for malfeasance. *Halpert v. Appleby*, 23 F.R.D. 5, 6 (S.D.N.Y.1958). That position has weakened in more recent times, although a presumption of correctness is still applied. *Publix Food Market, Inc. v. Bitar*, 156 F.Supp. 274 (D.Mass.1957). In light of the 1983 amendment to the federal rules[4] which allowed any nonparty adult to serve process, and thus relieved the United States Marshals Service from that routine responsibility, there seems little reason to require a heightened standard of proof, such as clear and convincing evidence, in order to overcome the facts stated in a return of service. In the present case, however, the defendant has not shown a defect in the service even by a preponderance of the evidence. Ms. Reynolds states by affidavit that she was not served with the summons, while Ms. McCorkle states under oath that she was. There has been no showing that the alleged defective service on the co-defendant was similar in any relevant way to service here, so that no proper inference can be drawn. Under the circumstances, the evidence before me is in equilibrium, and thus the defendant has failed to meet its burden.[5]

## III

█ If the defendant had shown that the summons had not been served within 120 days, however, I would not dismiss the case,

---

2. The Union also filed an affidavit of Eddie Lowry, another Union employee. Mr. Lowry was listed on the complaint as the Union's representative to be served. In his affidavit, Mr. Lowry declared that he had never been served with the summons. The Union does not contend that it was improper to serve Ms. Reynolds rather than Mr. Lowry. Under the Labor–Management Relations Act, a summons may be served on any agent of a labor organization. 29 U.S.C. § 185(d) (1976).

3. There is no indication that Ms. McCorkle served both complaints, and it is doubtful that she did, since the registered agent of Norton Community Hospital was located in the City of Norton, Virginia, and Ms. McCorkle is a deputy sheriff of Roanoke County, over 100 miles away.

4. Federal Rules of Civil Procedure Amendments Acts of 1982, Pub.L. No. 97–462, § 2, 96 Stat. 2527 (1983) (amending Fed. R. Civ. P. 4(c)).

5. I have not considered the affidavit by Ms. McCorkle, submitted in connection with the present motion. It is a facsimile copy, not an original, and there is no local rule which permits the filing of facsimile copies of papers in lieu of originals. *See* Fed.R.Civ.P. 5(e). In any event, it is only cumulative of the facts stated in the original return of service, signed under penalty of perjury by Ms. McCorkle. While the return of service is a printed form, it is not complicated to read, and I cannot assume that the officer failed to read it before she signed it. It would be equally invalid to assume that Ms. Reynolds

but would allow additional time for such service.

Even assuming that good cause must be shown to grant an extension of time beyond 120 days,[6] there has been such a showing here. The plaintiff, armed with a return showing valid service, was not advised by the defendant until after the elapse of 120 days of the nature of any possible defect. The answer of the defendant, while asserting "insufficient process" as a defense, did not specify the nature of that defense and the defendant instead waited until after the 120-day period had run to notify the plaintiff that the summons had not been served along with the complaint.

These circumstances constitute a sufficient showing of good cause to allow an extension of time, if such a showing were necessary. *See Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st Cir.1993) (defendant's delay in pointing out specific defect in service until after 120 days constituted good cause for extension, where plaintiff reasonably believed service was proper). However, since the defendant has failed to meet its burden of proof, no extension is required.

Accordingly, for the reasons stated, it is **ORDERED** that the motion to dismiss by the defendant United Steel Workers of America, AFL–CIO/CLC (Doc. No. 6), is denied.

---

failed to read her typewritten affidavit before she signed it.

6. As of December 1, 1993, Fed.R.Civ.P. 4(j) was redesignated as Fed.R.Civ.P. 4(m) and amended. The advisory committee note to the amended rule states that the amendment authorizes the court to relieve a plaintiff of the consequences of failure to serve within 120 days even if no good cause is shown. Fed.R.Civ.P. 4 advisory committee's notes; *see Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3rd Cir.1995). However, the Fourth Circuit has held to the contrary, although it did not reference the advisory committee note. *Mendez v. Elliot*, 45 F.3d 75, 78–79 (4th Cir.1995). Although *Mendez* has been widely criticized, *United States v. Britt*, 170 F.R.D. 8, 9 (D.Md.1996), it remains binding precedent in this circuit.