**In re Dennis L. HALL, Linda J. Hall, Debtors.**

**Kraig SULLIVAN d/b/a Sullivan Auto Sales, Plaintiff,**

**v.**

**Dennis L. HALL, Defendant.**

**Bankruptcy No. 97–14256(MVB). Adversary No. 97–1322.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

May 29, 1998.

Joel Steinberg, Fairfax, VA, for Debtors.

H. Jason Gold, Alexandria, VA, for Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

In the case at bar, the parties call upon this Court to determine whether to grant defendant's motion to dismiss plaintiff's dischargeability complaint. The issue concerns the proper issuance of the summons and service of plaintiff's complaint on defendant. After hearing arguments from counsel, the Court took this matter under advisement. For the reasons that follow, we conclude that plaintiff failed to serve proper and timely notice on defendant pursuant to Bankruptcy Rule 7004 and Federal Rule of Civil Procedure Rule 4, and accordingly, we dismiss plaintiff's dischargeability complaint.

The Court possesses jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(I) and 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409.

This dispute arises from a series of vehicle sales transactions between plaintiff Kraig Sullivan, doing business as Sullivan Auto Sales, Inc., and defendant-debtor Dennis L. Hall. On April 14, 1997, plaintiff filed a motion for judgment in Fairfax Circuit Court against defendant and his brother, Bailey A. Hall, alleging fraud and conspiracy to commit fraud in connection with these transactions. Defendant and his wife filed for Chapter 7 bankruptcy on June 6, 1997, staying plaintiff's state court action pursuant to 11 U.S.C. § 362. The creditors' meeting was scheduled for July 14, 1997, fixing September 12, 1997 as the last day to file a complaint to determine the dischargeability of certain types of debts. FED. R. BANKR. P. 4004(a) and 4007(c).

On September 5, 1997, plaintiff filed a complaint objecting to discharge and to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(a)(2), (a)(4), (a)(6) and § 727(a)(5), along with a motion for leave to file a removal petition. This Court granted relief from the stay on October 28, 1997, allowing plaintiff to pursue his state court action. On December 19, 1997, we granted plaintiff's motion for leave to file a removal petition, staying the bankruptcy adversary proceeding until the conclusion of plaintiff's state court action. Defendant, on March 30, 1998, filed a motion to dismiss plaintiff's dischargeability complaint and vacate the lifting of the stay. His motion claimed plaintiff

failed to obtain a properly issued summons and effect adequate service as required under Bankruptcy Rules 7004(a), 7004(b)(9) and Federal Rule of Civil Procedure Rule 4(m).

In an expedited hearing on April 7, 1998, this Court denied defendant's motion to vacate the lifting of the stay and took defendant's motion to dismiss under advisement.[1] The parties proceeded to trial in Fairfax Circuit Court, and on April 9, 1998, the court entered a judgment confirming a jury verdict of $38,250 against defendant. After the judgment became final, plaintiff filed in this Court on May 6, 1998 a motion to enlarge the period for service of the summons and dischargeability complaint.

In defendant's motion to dismiss plaintiff's dischargeability complaint, defendant claims plaintiff failed to obtain a properly issued summons. Under Bankruptcy Rule 7004(a), Federal Rule of Civil Procedure Rule 4 applies to adversary proceedings before this Court. Rule 4(a) outlines plaintiff's responsibility as to the form of the summons. This rule requires the court's clerk to sign the summons bearing the court's seal. The summons must also state the time within which defendant must appear and defend. The record shows that the summons in this case was not issued properly, if at all. The summons plaintiff served on defendant's counsel lacked the clerk's signature, the court's seal and the date on which defendant had to respond, all of which are required by Rule 4(a).[2]

Defendant also asserts in his motion to dismiss that plaintiff failed to serve him individually with the summons and complaint. The nature of plaintiff's complaint under Bankruptcy Rule 7001 classifies issues as to dischargeability of a debt as an adversary proceeding. To initiate an adversary proceeding, Bankruptcy Rule 7004(b)(9) requires plaintiff to serve a copy of the summons and complaint to both debtor and debtor's attorney. The certificate of service in the record shows plaintiff did not serve defendant, but only served defendant's counsel and the Chapter 7 trustee. Plaintiff therefore failed to comply with Bankruptcy Rule 7004(b)(9).

Plaintiff claims defendant had actual notice of the complaint, which estops defendant from raising this defense. However, actual notice does not cure defects in service. Notice of an adversary proceeding received by means other than those authorized by statute or rule cannot serve to bring defendant within the Court's jurisdiction. *Latuch*, 1991 WL 133413, at *4.

As a result of the deficiencies in the summons and service, defendant asserts that this Court must dismiss plaintiff's dischargeability complaint pursuant to Rule 4. Rule 4(c)(1) holds plaintiff responsible for service within the time allotted under subdivision (m).[3] Rule 4(m) states:

---

1. Defendant also raised an objection concerning the after-the-fact assignment of Sullivan's Auto Sales, Inc.'s dischargeability claim to Kraig Sullivan, as an individual. Though we did not rule on the issue, no general requirement exists as to when an assignment must be made. Courts have held that even when a party does not assign the claim until after filing suit, the assignee is the real party in interest and can maintain the action. *Dubuque Stone Prods. Co. v. Fred L. Gray Co.*, 356 F.2d 718 (8th Cir.1966); *Kilbourn v. Western Sur. Co.*, 187 F.2d 567 (10th Cir.1951); *FDIC v. Main Hurdman*, 655 F.Supp. 259, 267 (D.C.Cal.1987); *Campus Sweater & Sportswear Co. v. M.B. Kahn Construction Co.*, 515 F.Supp. 64, 84 (D.S.C.1979).

2. Plaintiff offered no evidence about the clerk's negligence in failing to properly issue the summons. Regardless, it rests on counsel to follow-up on any required action requested. *Kaczmarczik v. Van Meter (In re Van Meter)*, 175 B.R. 64 (9th Cir. BAP 1994); *Norm's Furniture Sales, Inc. v. Latuch (In re Latuch)*, 1991 WL 133413,

Bankr.No. 90–00197, Adv.No. 90–00035, at *3 (Bankr.D.Vt.1991). Attorney negligence cannot be vicariously transferred to the court's clerk. *Id.*

3. Rule 4(j) governed the time limit for service of process for non-bankruptcy proceedings until December 1, 1993. Rule 4(m) did not apply to bankruptcy proceedings until Rule 7004(g) was abrogated in December 1, 1996. Rule 4(j) stated:

Summons: Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Time Limit for Service. If service of the summons and complaint is not made upon defendant within the 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The Advisory Committee Notes further explain:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief was formerly afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

FRCP 4(m) therefore requires service of the summons and complaint within 120 days after plaintiff files the complaint or face possible dismissal.

Under the old Rule 4(j), courts were required to dismiss a plaintiff's complaint absent a showing of good cause. Rule 4(m) and the accompanying Advisory Committee Notes appear to no longer make dismissal

mandatory. The Supreme Court in *Henderson v. United States* stated in dicta that the Rule's 1993 amendment gave courts discretion to enlarge the 120 day period for service even absent good cause.[4] *Henderson v. United States*, 517 U.S. 654, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996). Several circuits have recognized and applied this change. *Thompson v. Brown*, 91 F.3d 20 (5th Cir.1996); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338 (7th Cir.1996); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882 (8th Cir.1996); *Espinoza v. United States*, 52 F.3d 838 (10th Cir.1995); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3rd Cir.1995); *Florida Outdoor Equipment, Inc. v. Deresinski (In re Deresinski)*, 214 B.R. 35 (Bankr.M.D.Fla.1997); *Barr v. Barr (In re Barr)*, 217 B.R. 626 (Bankr. W.D.Wash.1998).

However, in *Mendez v. Elliot*, the Fourth Circuit refused to read Rule 4(m) as giving courts such discretion. *Mendez v. Elliot*, 45 F.3d 75 (4th Cir.1991). The Court, making no mention of the Advisory Committee Notes, stated that Rule 4(j) had been edited without substantive change.[5] *Id.* at 78. Although courts have criticized *Mendez*, it remains binding precedent in this circuit.[6] *United States v. Britt*, 170 F.R.D. 8, 9 (D.Md. 1996); *Johnson v. United Steel Workers of America*, 172 F.R.D. 185, 188 n. 6 (W.D.Va. 1997); *T & S Rentals v. United States*, 164 F.R.D. 422, 424 (N.D.W.Va.1996). *See Braithwaite v. Johns Hopkins Hospital*, 160 F.R.D. 75 (D.Md.1995); *Clark v. E.I. du Pont de Nemours & Co.*, No. 94–0067–H, 1995 WL 505977 (W.D.Va. July 27, 1995); *but see, Coates v. Shalala*, 914 F.Supp. 110 (D.Md.1996); *Fultz v. Rittlemeyer*, No. CIV.

FED. R. CIV. P. 4(j).

4. The Supreme Court in *Henderson* discussed whether Rule 4 superseded the Suits in Admiralty Act provision requiring service on the United States to be made "forthwith". *Henderson*, 116 S.Ct. at 1642.

5. The Fourth Circuit made this determination despite the fact that the plaintiff filed the complaint in August of 1993, months before Rule 4(m) went into effect.

6. Judge Michael in *Fultz* expressly followed *Petrucelli* without mentioning *Mendez*. *Fultz*, 1995

WL 234531, at *2. He subsequently adopted the *Mendez* interpretation of Rule 4(m) in deciding *Clark*. *Clark*, 1995 WL 505977, at *2. The Fourth Circuit, in an unpublished opinion, affirmed. *Clark v. E.I. Dupont de Nemours & Co.*, 86 F.3d 1149 (1996). Judge Legg's opinion in *Coates* also failed to mention *Mendez* when he, in the court's discretion, did not dismiss a pro se plaintiff's claim because the statute of limitations had tolled. *Coates*, 914 F.Supp. at 113. The Maryland district court made this decision before *Clark*. In a post-*Clark* case, another Maryland district court judge, Judge Davis, did not follow Judge Legg's departure from *Mendez*. *Britt*, 170 F.R.D. at 9.

A.94–0025–H, 1995 WL 234531 (W.D.Va. April 18, 1995).

■ Plaintiff therefore must show good cause as to his failure to obtain a properly issued summons and effect adequate service. FED. R. CIV. P. 4(m). Courts have defined good cause in the context of Rule 4(m) and its predecessor. The 1993 amendment to Rule 4(m) has not changed this concept. *T & S Rentals,* 164 F.R.D. at 424. Courts have consistently held inadvertence of counsel does not constitute good cause. *Id.; Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985); *Oprean,* 189 B.R. at 619. Plaintiff must demonstrate a showing of diligence and a reasonable effort to effect service. *T & S Rentals,* 164 F.R.D. at 426; *Britt,* 170 F.R.D. at 10. In the case at bar, plaintiff has not done so.

Rule 4 and the Bankruptcy Rules clearly outline what a plaintiff must do to effectively initiate an adversary proceeding. Plaintiff is not pro se, nor did he have to comply with difficult service procedures as in Rule 4(i). *T & S Rentals,* 164 F.R.D. at 426–27. Plaintiff simply failed to effect proper service on defendant. These facts do not support plaintiff's claim of diligence to warrant good cause. As a result, we must dismiss plaintiff's dischargeability complaint pursuant to *Mendez's* interpretation of Rule 4(m).

Plaintiff urges this Court to consider in our good cause analysis that defendant had actual notice of the complaint, defendant has not shown prejudice, defendant participated in the bankruptcy and state court proceedings and the statute of limitations has run on plaintiff's claim. However, these factors do not reflect whether good cause exists, but at most represent equitable considerations for not dismissing plaintiff's action. *Braithwaite,* 160 F.R.D. at 78.

■ This Court does recognize defendant cannot act in bad faith during service of process and then receive the benefits of dismissal. *Mrochek v. Oprean (In re Oprean),* 189 B.R. 616, 619 n. 2 (Bankr.E.D.Va.1995).

The Second Circuit in *Santos v. State Farm Fire & Casualty Co.* stated:

A defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.

*Santos v. State Farm Fire & Casualty Co.,* 902 F.2d 1092, 1096 (2d Cir.1990).[7] Nothing in the record demonstrates defendant did anything to hide the insufficiencies of plaintiff's summons and service. In fact, a cursory reading of the Bankruptcy Rules would have brought these deficiencies to plaintiff's attention. *See Benjamin v. Grosnick,* 999 F.2d 590, 592 (1st Cir.1993) (defendant's delay in pointing out specific defect in service until after the 120 days constituted good cause where plaintiff reasonably believed service was proper); *Britt,* 170 F.R.D. at 9 (plaintiff had knowledge of defect because defendant had failed to respond to waiver of service). Plaintiff cannot be allowed to pass its burden to defendant, regardless of whether defendant had actual notice and intentionally waited until after the 120 days had expired to file his motion to dismiss. *Mendez,* 45 F.3d at 78 (plaintiff bears burden of service); *Oprean,* 189 B.R. at 616 (plaintiff bears the difficult burden to establish the existence of good cause for his failure to timely effect service).

Plaintiff cites *Pusey v. Dallas Corp.* for the proposition that defendant waived its objection to service of process given that defendant participated in the adversary proceeding. *Pusey v. Dallas Corp.,* 938 F.2d 498 (4th Cir.1991). However, the defendant in *Pusey* failed to raise the service of process objection in its answer. *Id.* at 501. Bankruptcy Rule 7012(b) states that FRCP 12(b)—(h) applies to adversary proceedings under Rule 7001. According to Rule 12, defendant can raise a defense to service of process either in a pre-answer motion, or if no such answer is made, then in its answer. FED. R. CIV. P. 12(h)(1)(B). In the case at

---

7. In *Santos,* defendant filed an answer that did not alert plaintiff as to deficiencies in service. *Santos,* 902 F.2d at 1095–96. This is not so in the case before the Court, as defendant did not file an answer.

bar, defendant never filed an answer to plaintiff's dischargeability complaint, but raised the service of process defense in his preanswer motion to dismiss in compliance with Rule 12.

█ Even if this Court possessed the ability to relieve the plaintiff of the consequences of dismissal, we would refuse to do so. Plaintiff has done nothing to warrant the Court's exercise of its discretion. To allow relief under these circumstances would otherwise render the procedural requirements of the Bankruptcy Rules and Rules of Civil Procedure a nullity, and contradict Chapter 7's expeditious fresh start policy by extending the 120 days and the statute of limitations indefinitely. *See Petrucelli*, 46 F.3d at 1306 n. 7.

Plaintiff claims that defendant has failed to show prejudice. *Maricopa County v. American Petrofina*, 322 F.Supp. 467 (D.Cal.1971) (bankrupt was estopped from raising the deficiency in service). Plaintiff's counsel cites authority to support the proposition that courts have discretion to deny a motion to dismiss based on inadequate service absent prejudice. *Newman v. Prior*, 518 F.2d 97, 99 (4th Cir.1975) (summons alleged defective because its caption indicated parties only by reference, "see complaint"); *United Food & Commercial Workers Union Int'l. v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984) (summons incorrectly stated defendant had 10 days instead of 20 to respond; considered a technical error). The Northern District of West Virginia faced a similar argument in *T & S Rentals*. The district court found that an absence of prejudice to the defendant did not warrant the discretionary extension of the rule where plaintiff effected service one day late. *T & S Rentals*, 164 F.R.D. at 426–27; *McGregor v. United States*, 933 F.2d 156 (2d Cir.1991). As in *T & S Rentals*, plain-

tiff's errors were not merely technical, but go to the heart of procedure. *Barr*, 217 B.R. at 631 (counsel's errors were clearly technical and easily rectifiable). In the instant case, plaintiff has done nothing to bring defendant within this Court's jurisdiction. Likewise, we refuse to exercise the Court's discretion in these circumstances despite the running of the statute of limitations.

We find plaintiff's argument concerning defendant's behavior and willingness to continue with litigation also without merit. *T & S Rentals*, 164 F.R.D. at 426; *See McGregor*, 933 F.2d at 156. In *T & S Rentals, Inc.*, the defendant evinced a willingness to litigate the matter fully by insisting on compliance with a scheduling order and noticing depositions. *Id.* at 426–27. The Northern District of West Virginia found nothing duplicitous about preparing for trial on the one hand, while asserting a meritorious Rule 12 defense on the other. *Id.* at 427. So we find in this case. Defendant merely preserved his rights by participating in the adversary proceeding.[8]

Plaintiff urges this Court to follow the Advisory Committee Notes, which provide the barring by the statute of limitations as a factor for courts to consider in extending Rule 4(m)'s discretion. Several circuits have interpreted such a bar as only one factor for consideration in determining whether to relieve plaintiff of the consequences of dismissal. *Panaras*, 94 F.3d at 341; *Petrucelli*, 46 F.3d at 1305–06; *Barr*, 217 B.R. at 630. Given the facts of this case, we decline to extend the Court's discretion. As the Fourth Circuit stated in *Mendez*, dismissing without prejudice pursuant to Rule 4(m) does not mean without consequence.[9] *Mendez*, 45 F.3d at 78. Plaintiff must now live with the consequences of his counsel's inadvertence.[10] *T & S Rentals*, 164 F.R.D. at 426.

---

8. Defendant participated in the hearing concerning the Bankruptcy Rule 2004 exam and the exam itself, the hearing on plaintiff's motion for relief from the stay and the hearing on defendant's motion for termination of the lift-stay order.

9. Under Bankruptcy Rule 4004(a) in a Chapter 7 liquidation case, a complaint objecting to debtor's discharge under § 727(a) "shall be filed not later than 60 days following the first date set for

the § 341(a) creditors' meeting." The same time restrictions apply to plaintiff's § 523(a)(2), (a)(4) and (a)(6) claims pursuant to 4007(c).

10. Plaintiff's remedy does not rest with this Court. *In re Hamrah*, 174 B.R. 109, 111 (Bankr. W.D.Mo.1994) (plaintiff's remedy for attorney negligence or incompetence in failing to comply with Rule 4 is a malpractice claim).

A court must use equitable factors, such as actual notice of the complaint, a lack of prejudice to defendant, defendant's participation in the suit and plaintiff's complaint being time-barred by the statute of limitations to determine whether to extend its discretion. However, a court should only do so when equity deems it appropriate. This is not such a case. Realization of the goals of the Bankruptcy Rules and the Rules of Civil Procedure require a court to use its discretion to mitigate harsh results only in deserving circumstances.

Under the Fourth Circuit's holding in *Mendez v. Elliot*, plaintiff must show good cause for his failure to effect service within Rule 4(m)'s 120 day period to defeat defendant's motion to dismiss. We conclude that plaintiff has failed to do so. Even if the Fourth Circuit declines to follow *Mendez*, or otherwise distinguishes the case, and adopts other circuits' interpretation of Rule 4(m), a balance of the factors against plaintiff's lack of diligence does not warrant a discretionary extension of the rule.

For the foregoing reasons, the Court grants debtor's motion to dismiss plaintiff's dischargeability complaint. The Court will enter a separate order consistent with this opinion.