**In re Roger COWLES, Debtor.**

**Webster Bank, National Association f/k/a Webster Bank, Plaintiff,**

v.

**Roger Cowles, Defendant.**

**Bankruptcy No. 05–22300.
Adversary No. 05–2086.**

United States Bankruptcy Court, D. Connecticut.

June 6, 2006.

*RULING SUSTAINING OBJECTION TO MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS AND COMPLAINT*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

I.

Roger Cowles ("the debtor") filed a Chapter 7 petition on July 12, 2005. Webster Bank, National Association, f/k/a Webster Bank ("the plaintiff"), on October 11, 2005, the last date established by court order for the filing of objections to the dischargeability of certain debts, filed a complaint alleging that obligations due it from the debtor were not discharged pursuant to Bankruptcy Code § 523(a)(2)(A) and/or (B) (debt for money obtained by fraud or by use of fraudulent financial statements not discharged). The debtor, on November 17, 2005, filed an answer to the complaint. The debtor, on December 19, 2005, filed a motion to dismiss the complaint, asserting the summons issued to the plaintiff on October 13, 2005 was not served on the debtor until October 26, 2005, beyond the 10 days required by Fed. R. Bankr.P. 7004(e) ("Service ... shall be by delivery of the summons and complaint within 10 days after the summons is issued."). The plaintiff, on March 20, 2006, filed an objection to the motion.

At a court hearing held on April 12, 2006, the court sustained the motion to dismiss on the ground asserted. The same day (and more than 120 days after issuance of the summons) the plaintiff filed a Motion to Extend the Time for Service of Summons and Complaint ("the motion"), pursuant to Fed.R.Civ.P. 4(m)[1], made ap-

Joseph R. Crispino, Kelley, Crispino and Kania, LLP, Southington, CT, for Debtor.

---

1. Fed.R.Civ.P. 4(m), "Time Limit for Service," states, in relevant part:
   If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court

plicable by Fed. R. Bankr.P. 7004(a). The debtor, on May 1, 2006, filed his objection ("the objection") to the motion, and the court heard the matter on May 4, 2006.

## II.

Fed. R. Bankr.P. 7004(e) requires that the summons and complaint be served "within 10 days after the summons was issued." If service is not effected within such 10–day period, a new summons must be issued and served. Fed.R.Civ.P. 4(m), made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7004(a)(1), provides, in relevant part:

> *Time Limit for Service.* If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

At the hearing, the plaintiff offered no evidence to support granting its motion, and stated it relied on the following allegations in ¶ 5 of the motion:

> 5. The Defendant will suffer no prejudice in this matter as a result of the Summons and Complaint being served at this time. A Fed.R.Civ.P. 26(f) form has been filed by mutual consent and a pretrial conference has been held by the Court. In addition, the Plaintiff believes that this case will benefit from and may be disposed of by a court ordered mediation.

The debtor argued that the plaintiff, based on the record made, has not established "good cause" for the granting of the motion. He contends that none of the

shall extend the time for service for an

reasons set forth in ¶ 5 of the motion are "sufficient to support a finding of good cause." (Objection at 2.)

## III.

### A.

#### *Good Cause*

■■■ As summarized by Wright & Miller, 4B *Federal Practice and Procedure* § 1137 (3d ed.2002), discussing "good cause" under Rule 4(m):

> The burden is on the plaintiff to establish good cause.... [G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

The plaintiff has offered no such reason for its delay, and cites no conduct by itself, the debtor or any third party, that would constitute grounds for a finding of good cause. The court thus concludes that the plaintiff has not established good cause.

### B.

#### *Discretion of the Court*

■■■ In the absence of good cause, "courts have been accorded discretion to enlarge the 120–day period." *Henderson v. United States,* 517 U.S. 654, 656, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). The court, in the exercise of its discretion, looks to both the reasons for the delay and the effects of granting or denying the requested extension.

appropriate period.

The debtor, on December 19, 2005, filed a Motion to Dismiss the adversary proceeding on grounds that service was not timely made. The plaintiff made no attempt to timely serve the complaint together with a new summons prior to the expiration, on February 8, 2006, of the 120–day period under Fed.R.Civ.P. 4(m). Only after dismissal of the complaint did the plaintiff file the present motion in which it presented no argument for its failure to effect timely service.

■■ "[D]ismissal based on Rule 4(m) ... where the statute of limitations has expired effectively functions as a dismissal with prejudice. However, case law indicates that expiration of the statute of limitations does not require a court to use its discretion to grant an extension of time for service in every time-barred case." *Savage & Assoc., P.C. v. Williams Communications (In re Teligent Services, Inc)*, 324 B.R. 467, 474 (Bankr.S.D.N.Y.2005) (citations omitted). This is particularly so where, as in the present proceeding, such prejudice to the plaintiff arises from its own failure to act, and is outweighed by the prejudice to the defendant, for whose benefit statutes of limitation are intended, and who, in filing his motion to dismiss on such grounds, gave the plaintiff adequate time to remedy the situation. *Cf. Sullivan v. Hall (In re Hall)*, 222 B.R. 275, 280 (Bankr.E.D.Va.1998) ("Plaintiff has done nothing to warrant the Court's exercise of its discretion. To allow relief under these circumstances would otherwise render the procedural requirements of the Bankruptcy Rules and Rules of Civil Procedure a nullity, and contradict Chapter 7's expeditious fresh start policy by extending the 120 days and the statute of limitations indefinitely."). In the absence of good cause, the court, having weighed the equities involved, concludes, in the exercise of its discretion, that the motion be denied.

IV.

### CONCLUSION

The court concludes that the plaintiff is not entitled to the requested extension of time for service. Accordingly, the debtor's objection is sustained, and the plaintiff's motion is denied. It is

SO ORDERED.