Linda FLYNN, Administratrix of the Estate of Richard A. Flynn, Deceased, Plaintiffs,

v.

BEST BUY AUTO SALES, Defendants.

Civil Action No. 99–5960.

United States District Court, E.D. Pennsylvania.

Oct. 29, 2003.

Jared N. Kasher, Hockfield, Hasner & Associates PA, Cherry Hill, NJ, David S. Berman, Hochberg, Napoli & Diamond, Philadelphia, PA, for Plaintiffs.

John J. D'Lauro, D'Lauro & Dickerson, Philadelphia, PA, for Defendants.

### MEMORANDUM

ROBERT F. KELLY, Senior District Judge.

Presently before this Court is the Motion to Correct and Amend the Caption filed by Plaintiff Linda Flynn ("Flynn"), Administratrix of the Estate of Richard A. Flynn, Deceased, to change the name of Defendant Best Buy Auto Sales. Flynn seeks to amend

the caption to reflect that the Defendants are Best Buy Auto Sales, Best Buy In Town Auto Sales, Best Buy In Town, Inc., and Brad Menaker, Allan Menaker and Linda Menaker d/b/a or t/a Best Buy Auto Sales, Best Buy In Town Auto Sales and Best Buy In Town, Inc. For the following reasons, Flynn's Motion will be denied.

### I. BACKGROUND

This case arose out of an alleged incident of consumer fraud that was committed upon Richard A. Flynn in relation to a used automobile transaction in December, 1998. As a result of this alleged wrongdoing, Richard A. Flynn brought suit against Best Buy Auto Sales on four separate counts. Specifically, Richard A. Flynn's claims against Best Buy Auto Sales were as follows: violation of the Equal Credit Opportunity Act (Count 1); violation of the Truth in Lending Act (Count II); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count III); and conversion (Count IV).

The Complaint in the above-captioned case was filed on November 29, 1999. On December 1, 1999, Best Buy Auto Sales was formally served with a copy of the Complaint and Summons. No responsive pleading was filed on behalf of Best Buy Auto Sales and a default judgment in the amount of $11,240.29 was entered in favor of Richard A. Flynn against Best Buy Auto Sales on March 21, 2000. Thereafter, Richard A. Flynn died and his daughter was appointed Administratrix of his estate and was then substituted into this action.

In December, 2002, Flynn attempted to execute on the default judgment entered almost two years earlier. This execution was unsuccessful as Best Buy Auto Sales did not have assets with the named garnishee. Subsequently, an investigation by Flynn of Pennsylvania Department of State corporate records revealed that Best Buy Auto Sales, as well as Best Buy In Town Auto Sales, were merely fictitious names and that these fictitious names were registered with Best Buy In Town, Inc.[1] A further investigation revealed that Brad Menaker and Allen Menaker were officers of Best Buy In Town, Inc.

---

**1.** Flynn attaches electronic documentation of Pennsylvania corporate records to his Motion

that details Best Buy In Town, Inc.'s fictitious names. Although not critical for disposition of

On May 16, 2003, Flynn filed the instant Motion to Correct and Amend the Caption after realizing that any further attempts to execute the default judgment upon Best Buy Auto Sales would be futile.[2] Flynn seeks to amend the caption to include Best Buy Auto Sales, Best Buy In Town Auto Sales, Best Buy In Town, Inc., as well as to individually name Allan Menaker, Brad Menaker and Linda Menaker (the "Individual Defendants") as parties to the suit. This requested amendment was filed after the applicable statutes of limitations had run on the federal claims of the original action. Best Buy In Town, Inc. and the Individual Defendants contend that this is an attempt to add new parties that is improper because these parties were under no duty to respond to the Complaint. Moreover, Best Buy In Town, Inc. and the Individual Defendants claim it would be improper to immediately subject their assets to execution for a default judgment that they were not responsible for creating.

## II. *DISCUSSION*

### A. The Applicable Law

Flynn fails to cite a Federal Rule of Civil Procedure as the basis for the instant Motion. The Court, however, finds that Rule 15 is the governing law for this Motion.[3] Pursuant to Rule 15(a), "leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Garvin v. City of Phila.*, No. C.A. 02–2214, 2002 WL 31739948, at *1 (E.D.Pa. Dec. 6, 2002)(citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988)). Significantly, courts have examined proposed amendments pursuant to Rule 15(a) with greater scrutiny in the *post-judgment* context. *Werner v. Werner*, 267 F.3d 288, 296 (3d. Cir. 2001); *Vielma v. Eureka Co.*, 218 F.3d 458, 468–69 (5th Cir.2000). Moreover, when a plaintiff seeks to change named defendants after the statute of limitations has run, Rule 15(c) applies and imposes three conditions that must be met before the amendment will relate back to the date of the filing of the original complaint. First, the "claim against the newly named defendants must have arisen 'out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 189 (3d

---

this Motion, the documentation that Flynn attaches does not even clearly establish that the exact name "Best Buy Auto Sales" was actually a fictitious name of Best Buy In Town, Inc. The records only establish that Best Buy In Town and Best Buy In Town Auto Sales were fictitious names. Nevertheless, Defendant does not dispute that Best Buy Auto Sales was a fictitious name and therefore the Court will accept this fact for purposes of this Motion since there is no other explanation set forth by the Plaintiff as to why Best Buy Auto Sales was originally named.

2. The Court notes that Flynn's Motion was originally granted in its entirety on June 5, 2003, as it was thought to be unopposed. Subsequently, it came to the Court's attention that a timely Response had been filed, but that due to an administrative problem, the Court had not received this Response prior to issuing the Order granting Flynn's Motion. Thereafter, Best Buy In Town, Inc. and the Individual Defendants filed a Motion for Reconsideration of the Court's June 5, 2003 Order. After a hearing on this Motion for Reconsideration, both parties agreed that the June 5, 2003 Order should be vacated and that the Court should consider Flynn's Motion in light of the Response of Best Buy In Town, Inc. and the Individual Defendants. In turn, on October 21,

2003, the Court granted the Motion for Reconsideration and indicated that a new Order would be forthcoming.

3. The Court finds that Rule 60(a) is not the governing Rule of the instant Motion. Rule 60(a) deals with clerical mistakes of the court, jury, clerk or parties. *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.1968). Flynn, however, has failed to show that a "clerical mistake" was made when Richard A. Flynn named Best Buy Auto Sales as the Defendant in the Caption. The Third Circuit has interpreted "clerical mistake" narrowly and stated that the clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir.1987)(quoting *Dura–Wood Treating Co. v. Century Forest Indust.*, 694 F.2d 112, 114 (5th Cir.1982)). In this case, the naming of Best Buy Auto Sales was not a "clerical mistake" by the party. Instead, the naming of Best Buy Auto Sales was a deliberate action that does not fall within the realm of Rule 60(a). The Court notes, however, that it would have reached the same conclusion concerning the amendment of the instant Caption whether deciding the Motion pursuant to Rule 15 or Rule 60(a).

Cir.2001)(quoting FED.R.CIV.P. 15(c)(2)). Second, "the newly named party must have 'received notice of the institution of the action [within 120 days after the filing of the complaint pursuant to Rule 4(m)] that the party will not be prejudiced in maintaining a defense on the merits.'" *Id.* (quoting FED. R.CIV.P. 15(c)(3)(A)). Third, "the newly named party must have known, (again, within the 120 day period) that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Id.* (quoting FED. R.CIV.P. 15(c)(3)(B)).

## B. Addition of Individual Defendants

■ Flynn first moves to amend the caption to add Brad Menaker, Allan Menaker, and Linda Menaker in their individual capacities. Brad and Allen Menaker are officers of Best Buy In Town, Inc. and Linda Menaker is the wife of Allen Menaker. Flynn offers no justification for why these individuals were not named in the original Complaint and she does not offer any basis for why they should be included in the action at this post-judgment stage. The Court finds that the addition of these new parties is improper under the Federal Rules of Civil Procedure and the law of this District. Moreover, the Court finds that the addition of these parties would be constitutionally suspect in relation to the due process rights of these individuals.

■ It would be improper to include these new parties in the suit after the statutes of limitations have run and after default judgment has been entered by the Court. This is not a situation where Flynn can claim that the "misnomer" rule should be utilized by the Court to include the Individual Defendants. The "misnomer" rule operates in cases where a plaintiff has actually sued and served the correct party but has mistakenly used the wrong name of the defendant in the original caption. *Munetz v. Eaton Yale and Towne, Inc.,* 57 F.R.D. 476, 479 (E.D.Pa.1973). The basic test under the misnomer rule is "whether it would be reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or per-

son intended; or whether the plaintiff actually meant to serve and sue a different person." *Id.*

In the instant case, it is clear that the misnomer rule is not applicable to the Individual Defendants. Flynn is attempting to add these completely new parties to the action in a post-judgment context and after the relevant statutes of limitations have run. There is no indication that Richard A. Flynn meant to sue *any* individual defendants when he brought suit against Best Buy Auto Sales. The Complaint made no allegations or reference to these Individual Defendants. It is quite clear that Richard A. Flynn was simply attempting to sue the entity that was involved in the underlying automobile transaction. At the time of the Complaint, Richard A. Flynn had no intention of suing the corporate officers of that entity or any related individuals. Thus, the "misnomer" rule is not a justification to include the Individual Defendants at this stage in the proceedings.

Moreover, the addition of the Individual Defendants would not be proper under Rule 15(c) which is applicable since the relevant statute of limitations have run. Specifically, any amendment to add the Individual Defendants would not relate back under the third prong of Rule 15(c) which states that the newly named parties must have "[known] or should have known that, but for a mistake concerning identity of the proper party, the action would have been brought against the party." FED.R.CIV.P. 15(c). In the present case, the Individual Defendants could not have possibly known that Richard A. Flynn meant to sue them in their individual capacities. Brad and Allen Menaker, assuming that these officers of Best Buy In Town, Inc. knew that the Complaint meant to name their corporate entity, had no notice that the Complaint meant to name them as individuals. Further, in relation to Linda Menaker, there is no way she could have known that Richard A. Flynn meant to name her in the initial pleading as a wife of one of the corporate officers of Best Buy In Town, Inc. Flynn's failure to meet this third prong of Rule 15(c) indicates the claims against the Individuals Defendants would not relate back to the time of the original Complaint and the

pertinent statutes of limitations would bar those claims.

The Court also finds that adding the Individuals Defendants to the caption of the default judgment would be constitutionally suspect in relation to fundamental due process guarantees. The Supreme Court has held that post-judgment amendments that add new parties can be violative of due process when liability is imposed without providing the new parties with an opportunity to be heard. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466–68, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000)(finding that post-judgment amendment to impose liability simultaneously with amendment adding a party violated due process guarantee). In *Nelson*, after acquiring a judgment against a plaintiff corporation for attorney's fees and costs, the defendants attempted to use Rule 15 to add the corporation's president as a party. *Id.* at 462, 120 S.Ct. 1579. The lower court granted the motion and also found the president personally liable for the judgment. *Id.* The Supreme Court found that the district court violated the president's due process rights because the corporate officer did not have the opportunity to defend against the imposition of liability. *Id.*

In this case, amending the caption to include the Individual Defendants would immediately subject the Individual Defendants' assets to execution because of the previously entered default judgment. As previously discussed, the Individual Defendants could not have known they would be sued in their individual capacities, notwithstanding any knowledge they had concerning suit against Best Buy In Town, Inc. Thus, imposing liability on the Individual Defendants at this post-judgment stage would raise serious due process concerns because these proposed defendants were under no obligation to respond to the initial Complaint and the Court would be holding them personally liable when they were given no opportunity to be heard.

In summary, the Court holds that it is improper to add the Individual Defendants to the caption of the instant action. The Indi-

vidual Defendants were not excluded from the original Caption because of a misidentification or a misnomer. Instead, the Individual Defendants were deliberately left out of the original action because Richard A. Flynn was simply looking to sue the entity with which he made the underlying automobile transaction and he was not attempting to sue any individuals. Thus, adding the Individual Defendants as new parties is improper under the Rules of Civil Procedure and the law of this District. Moreover, imposing liability on these Individual Defendants in this post-judgment context would raise due process concerns.

### C. Addition of Best Buy In Town, Inc.

██ Flynn also moves to amend the caption to add Best Buy In Town, Inc. Flynn claims an amendment to add the corporate entity at this stage is appropriate since the Initial Complaint used a fictitious name (Best Buy Auto Sales) of Best Buy In Town, Inc. Specifically, Flynn argues that a post-judgment amendment is proper since the correct defendant was merely misnamed in the Complaint and because the corporate owners knew or should of known before the entry of default judgment that the suit should have named Best Buy In Town, Inc. The Court finds that the addition of Best Buy In Town, Inc. at this post-judgment stage is inappropriate based upon the following grounds: (1) Richard A. Flynn's inexcusable neglect in naming the proper defendant; (2) the fact that Best Buy In Town, Inc.'s conduct did not cause the misnomer; and (3) the prejudice that would result to Best Buy In Town, Inc. if the amendment was made at this time.

It is most likely that Richard A. Flynn's failure to name Best Buy In Town, Inc. was a misnomer. It is reasonable to conclude that Richard A. Flynn meant to sue the corporate entity and made a mistake in naming the proper defendant when he filed suit. Moreover, if the Court were to allow the amendment, there is some evidence in the record that would justify the claims against Best Buy In Town, Inc. relating back to the time of the initial pleading pursuant to Rule 15(c).[4]

---

4. There is some evidence in the record that suggests the three prongs of Rule 15(c) have been

met. First, the claims against Best Buy In Town, Inc. would be exactly the same as those against

Nevertheless, in exercising its discretion, the Court finds it would be improper to allow an amendment to the caption to include Best Buy In Town, Inc. based on additional factors that other courts have considered in similar circumstances.

### (1.) Inexcusable Neglect of Plaintiff

■ The first factor which weighs against the inclusion of Best Buy In Town, Inc. at this stage is the blatant inexcusable neglect that was displayed by Richard A. Flynn in his failure to name the correct defendant. It is well established that it is the plaintiff's obligation to sue the proper party. *Gaskins v. Vencor, Inc.*, No. C.A. 99–1122, 2001 WL 849481, at *3 (S.D.Ind. July 1, 2001). In reviewing a district court's decision in a closely analogous case, the Court of Appeals for the Sixth Circuit ("Sixth Circuit") stated that one factor a court must consider is "whether the plaintiff had some justification or excuse for failing to use the defendant's proper name." *Triangle Distrib., Inc. v. Shafer, Inc.*, No. C.A. 90–4042, 1991 WL 164333, at *3 n. 2 (6th Cir. Aug. 23, 1991) (per curiam). In *Triangle*, the Sixth Circuit reversed a district court's denial of a post-default judgment motion to amend a misnomer of a corporate defendant. *Id.* In that case, the plaintiff failed to name the proper defendants because the corporate defendants did not comply with Michigan laws regarding the registration of assumed names. *Id.* at *3. Prior to filing suit, the plaintiff had contacted the Michigan Secretary of State to determine the proper name of the corporate entity to sue. *Id.* at *1. The corporate defendants' failure to register properly the assumed name they were operating a business under led the plaintiff to file suit and receive a default judgment against the incorrect party. *Id.* In reversing the district court and

ordering the amendment of the caption, the Sixth Circuit stated:

> This is not a case where a plaintiff fails to use the defendant's correct name due to the plaintiff's own inexcusable neglect. Rather this is a case where a plaintiff went through the process which Michigan law has established to identify corporate owners of business operations. It was the failure of both [corporate defendants] to adhere to Michigan law that caused Triangle to misname the corporate defendant in its complaint.

*Id.*

In the instant case, Richard A. Flynn's failure to name Best Buy In Town, Inc. was merely the result of neglect on his part. As an initial matter, the corporate name "Best Buy In Town, Inc." was on both the sales contract and finance agreement that Richard A. Flynn signed when he made the automobile transaction. It was unreasonable for Richard A. Flynn to ignore or neglect to consider this documentation when attempting to file suit against the correct party. Moreover, in contrast to *Triangle*, Richard A. Flynn could have easily identified the proper party to sue by contacting the Pennsylvania Department of State or by consulting Pennsylvania corporate records to ascertain the corporate owner of the relevant fictitious names. There is no indication that this information was unavailable to Richard A. Flynn when he filed his suit or prior to the entry of default judgment. The fact that Flynn now attaches electronic documentation to the Motion displaying Best Buy In Town, Inc.'s fictitious names clearly illustrates that this information was readily available. The Court is unwilling to rescue Flynn from this mistake at this post-judgment stage when it is more than three years outside of the filing of the Complaint and default judgment, as well as beyond the statutes of limitations.

Best Buy Auto Sales and would have been based on the same transaction. Second, there is evidence that the owners of Best Buy In Town, Inc. may have had notice of the lawsuit since service was made on Best Buy Auto Sales at 1570 East Erie Avenue in Philadelphia, Pennsylvania. This is also Best Buy In Town, Inc.'s registered office according to Pennsylvania corporate records. Third, it is possible that the owners of Best Buy In Town, Inc. knew, that but for the mistake in

identity, the action would have been brought against the corporate entity. In her briefing to the Court, Flynn has not actually shown that the last two conditions of Rule 15(c) existed. Nevertheless, whether the conditions of Rule 15(c) have been met is irrelevant for disposition of the instant Motion since the Court would not allow Best Buy In Town, Inc. to be added for other reasons. *See infra.*

### (2.) Defendant's Appropriate Conduct

The second factor that indicates the Court should deny the amendment is that the owners of Best Buy In Town, Inc. were not responsible for Richard Flynn's failure to sue the correct party. "Amendment is particularly warranted where the proper defendant is itself responsible for plaintiff's mistake as to its identity." *Winterberg v. CNA Ins. Co.*, 868 F.Supp. 713, 717 (E.D.Pa.1994). In *Winterberg*, in a pre-judgment context, the court allowed a plaintiff to amend a complaint to correct a misnomer when the misnamed defendant had called itself by an incorrect name throughout prior worker compensation proceedings, had issued checks and letterhead with the incorrect name and had never informed plaintiff during pre-litigation communications that she was utilizing the incorrect name. In this case, while the owners of Best Buy In Town, Inc. may have known that Richard A. Flynn used the incorrect name on the Complaint, the corporate entity did not engage in any affirmative conduct that created the mistake and there is no evidence that Best Buy In Town, Inc. intentionally misled the opposing party at any time.[5]

In terms of Best Buy In Town, Inc.'s conduct, the instant case can clearly be distinguished from both *Triangle* and *Winterberg*. First, unlike in *Triangle*, there is no evidence that Best Buy In Town, Inc. did not follow all Pennsylvania laws concerning the registration of fictitious names. Best Buy In Town Inc.'s fictitious names were available before the Complaint was filed in 1999 and in the years thereafter. Second, unlike in *Winterberg*, Best Buy In Town, Inc. provided its correct corporate name on all pertinent documentation. Specifically, as previously discussed, the corporate name Best Buy In Town, Inc. was used on both the sales and finance agreements. These facts demonstrate that Best Buy In Town, Inc. was in no way shielding its true identity or attempting to mislead its customers or potential claimants. This conduct on the part of Best Buy In Town, Inc. weighs in favor of denying Flynn's amendment at this post-judgment stage.

### (3.) Undue Prejudice and Undue Delay

Finally, the Court finds it would be unduly prejudicial to allow the caption to be amended at this time to add Best Buy In Town, Inc. as a result of Flynn's undue delay in discovering the mistake. Specifically, more than four years have passed since the Parties completed the underlying automobile transaction and more than three years has passed since default judgment was entered. It would be unduly prejudicial to simply subject Best Buy In Town, Inc.'s assets to execution at this late, post-judgment stage because of the opposing party's undue delay in discovering their own negligent mistake.

In conclusion, the Court finds that the inclusion of Best Buy In Town, Inc. at this post-judgment stage is inappropriate based on Richard A. Flynn's inexcusable neglect in naming the proper defendant. Additionally, the fact that Best Buy In Town, Inc.'s conduct did not cause the misnomer is another reason to deny the amendment. Finally, the Court finds that significant prejudice would result to Best Buy In Town, Inc. if this amendment was allowed after statutes of limitations had run and approximately three years after default judgment was entered.

### III. *CONCLUSION*

For the reasons set forth above, the Court concludes that it would be inappropriate to

---

5. The Court notes that on two occasions both Parties declined the Court's invitation to present evidence and/or testimony at an additional hearing. The Parties declined this opportunity at a hearing on September 30, 2003 and during a telephone conference on October 21, 2003. In relation to Flynn, her Motion papers and attached documentation do not establish who may have had notice of the misnomer at Best Buy In Town, Inc. Further, Flynn's Motion did not make any showing that anyone at Best Buy In Town's Inc. was being intentionally misleading concerning the entity's corporate identity. For example, Flynn attaches a letter that was sent by Plaintiff's former counsel to a William J. Brennan, Esquire. (Pl.'s Mot. to Correct and Am. Caption, Ex. H). Flynn argues that this letter establishes that someone at Best Buy Auto Sales had notice of the lawsuit. The letter, however, fails to establish precisely who William J. Brennan represented or who consequentially would have had notice of the lawsuit or the misnomer. Moreover, this letter in and of itself does not establish that anyone at Best Buy In Town, Inc. was misleading the Plaintiff concerning the appropriate entity that should have been named in the action.

amend the caption at this time to include the Individual Defendants or Best Buy In Town, Inc. After a careful examination of the instant action, the Court will deny Flynn's Motion to Correct and Amend the Caption.

### ORDER

AND NOW, this 29th day of October, 2003, upon consideration of the Motion to Correct and Amend Original Caption of Plaintiff Linda Flynn, Administratrix of the Estate of Richard A. Flynn, Deceased (Doc. No. 11), and the Response thereto, it is hereby **ORDERED** that the said Motion is **DENIED.**