**Ravinder SINGH,\* Petitioner,**

v.

**Alberto R. GONZALES,\*\* Attorney General of the United States, Respondent.**

**No. 04–2772–ag.**

United States Court of Appeals, Second Circuit.

July 6, 2006.

---

\* The Clerk is requested to modify the official caption to reflect the correct spelling of petitioner's name, which we give here.

\*\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Jonathan M. Kaufman, San Francisco, CA, for Petitioner.

Robert E. Courtney, Deputy United States Attorney (Robert E. Zauzmer, Assistant United States Attorney, on the brief) for Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Philadelphia, PA, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ravinder Singh seeks review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reconsider on the ground that it was filed long after the thirty-day deadline applicable to motions to reconsider under 8 C.F.R. § 1003.2(b)(2). We assume the parties' familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ Without explanation or excuse, petitioner filed his motion to reconsider eighteen months after the order of the BIA became final. Petitioner does not contend that the BIA misconstrued his motion. As such, it was not an abuse of discretion to deny the motion as untimely since it plainly exceeded the 30–day filing deadline. *See* 8 C.F.R. 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision.").

■ Petitioner also argues that the Immigration Court had lacked subject matter jurisdiction to commence removal proceedings against him because the Notice to Appear with which he was originally served did not list the title of the immigration officer who prepared the Notice. Singh's assertion is meritless. The agency regulation that prescribes what should be included in a charging document sent to the Immigration Court does not include the title of the immigration officer among the administrative information that ought to be included. *See* 8 C.F.R. § 1003.15(c). Moreover, the regulation explicitly states that a "[f]ailure to provide any of these items shall not be construed as affording

the alien any substantive or procedural rights." *Id.*

We have considered all of petitioner's arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.