**Muhammad Mushtaq BHATTI,\***
**Petitioner,**

v.

**BOARD OF IMMIGRATION
APPEALS, Respondent.**

No. 05–2439–ag.

United States Court of Appeals,
Second Circuit.

Dec. 29, 2006.

\* The Clerk of the Court is directed to correct the spelling of Bhatti's first name in the official caption to accord with the spelling in this order.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, Lovita Morris King, Assistant United States Attorney, Fort Wayne, IN, for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Muhammad Mushtaq Bhatti, a native and citizen of Pakistan, seeks review of an April 28, 2005, order of the B.I.A. summarily affirming the November 14, 2003, order of Immigration Judge ("IJ") Annette S. Elstein denying petitioner's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Muhammad Mushtaq Bhatti*, No. A 76 189 986 (B.I.A. Apr. 28, 2005), *aff'g*, No. A 76 189 986 (Immig. Ct. N.Y. City Nov. 14, 2003). We assume the parties' familiarity with the facts, proceedings below, and specification of issues and hold as follows.

Substantial evidence supports the IJ's determination that petitioner failed to establish entitlement to withholding of removal by demonstrating that if he were returned to Pakistan "it is more likely than not that [his] life or freedom would be threatened" based on his activities in support of the Pakistan People's Party. *Yan Fang Zhang v. Gonzales*, 452 F.3d 167, 172 (2d Cir.2006) (internal quotation marks omitted). Bhatti's testimony concerning the one alleged incident of past persecution was very sparing, and he did not supply corroboration that he acknowledged was easily available to him. *See Diallo v. INS*, 232 F.3d 279, 288–89 (2d Cir.2000) (indicating that corroboration of material events central to an applicant's claim may reasonably be expected if such corroboration is readily available to the applicant). Further, Bhatti's only testimony concerning the likelihood of future persecution was too speculative to be probative. He testified only that he "guess[ed] somebody might beat me or somebody might harass me, or somebody might do anything to me." Because substantial evidence supports the denial of withholding of removal, *see Serafimovich v. Ashcroft*, 456 F.3d 81, 85 (2d Cir.2006), and we find no legal error requiring remand, we deny review of that claim.

Bhatti abandoned his CAT claim by failing to include it in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). We therefore do not reach the CAT claim.

For the reasons, we have discussed, we deny review and further deny Bhatti's motion for a stay of removal.