**XIA–LUAN CHEN, Petitioner,**

**v.**

Alberto R. GONZALES,* Respondent.

No. 06–3041–ag.

United States Court of Appeals,
Second Circuit.

Feb. 27, 2007.

Joan Xie, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Stephen R. Cerutti II, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xia–Luan Chen, a citizen of the People's Republic of China, seeks review of a June 20, 2006 order of the BIA affirming the February 28, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Xia–Luan Chen*, No. A97 341 677 (B.I.A. Jun. 20, 2006), *aff'g* No. A97 341 677 (Immig. Ct. N.Y. City Feb. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the

* The official caption is hereby amended to reflect the correct spelling of Respondent's name.

IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, substantial evidence supports the IJ's determination that Chen's testimony was implausible. While certain of the IJ's specific implausibility findings are suspect,[1] we affirm his determination because Chen's testimony was so pervasively inconsistent that, even absent the IJ's erroneous findings, it was appropriate for him to deem Chen's testimony incredible. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 322 (2d Cir.2006) (declining to remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In particular, we find that substantial evidence supports the IJ's determination that Chen's testimony concerning his travel documents was implausible. Chen testified that he was able to obtain travel documents from the police even though the same police had allegedly threatened to arrest him if he refused to accuse his friend of teaching him Falun Gong. In addition, Chen's testimony that he was able to obtain his birth certificate from the police because he had requested it before he began to practice Falun Gong was demonstrably false on the record before the IJ. The record indicates that Chen stated he began to practice the technique in May 2003, but his birth certificate indicates that it was not issued until May 2004.

Moreover, because Chen's testimony was not otherwise credible, the IJ did not err in requiring that he provide corroboration to support his claim that he practices Falun Gong in the United States. *See Zhou Yun Zhang,* 386 F.3d at 78 (finding that an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding). Because Chen's testimony was incredible, and because he failed to provide corroborative evidence to rehabilitate that testimony, we agree that he failed to meet his burdens of proof for asylum, withholding of removal and relief under the CAT. Finally, we find Chen's argument that the IJ's CAT analysis is insufficient to be flawed, because Chen relied on the same incredible testimony to support that claim. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons the petition for review is DENIED.

---

1. For example, it is not clear what basis the IJ had for concluding that police would not use the threat of arrest, as opposed to actual arrest, to induce a co-conspirator to cooperate as a witness, or that the police would question parents who were not Falun Gong practitioners.