UNITED STATES of America, Plaintiff,

v.

**Ishan EDWARDS, Defendant,**

**United Federation of Teachers Education Foundation, Inc., Garnishee.**

No. 02–CV–3571.

United States District Court, E.D. New York.

March 28, 2007.

Liberatore J. Iannarone, Mullen & Iannarone, P.C., Smithtown, NY, for Plaintiff.

## MEMORANDUM AND ORDER

GLASSER, Senior District Judge.

The United States commenced this action against defendant Ishan Edwards in July 2002, stating a claim in breach of contract and seeking to recover damages in the amount of $3,845.39 in unpaid student loan debt and interest. The defendant failed to file an answer or otherwise respond, and default judgment was entered in favor of the plaintiff on September 4, 2002. On August 29, 2006, the plaintiff filed an Application for a Writ of Garnishment, naming "United Federation of Teachers Education Foundation, Inc." as the garnishee. The application was granted and a Writ of Garnishment was issued on September 26, 2006. On March 23, 2007, the plaintiff filed this motion, seeking an order: 1) amending the case caption to reflect the correct legal name of the garnishee, and 2) ordering the garnishee to respond to the writ by filing an Answer of the Garnishee within ten days. For the reasons stated below, the plaintiff's motion is granted in part and denied in part.

*DISCUSSION*

### Amendment to the Case Caption

The plaintiff purports to move pursuant to Rule 60 of the Federal Rules of Civil Procedure to amend the case caption, which currently identifies the garnishee as "United Federation of Teachers Education Foundation, Inc.," so as to change that identification to "United Federation of Teachers," which the plaintiff asserts is the correct legal name of that entity. The plaintiff's letter informs the Court that the garnishee's counsel requested that the plaintiff make this request, *see* Letter from Liberatore J. Iannarone, dated March 19, 2007, and the plaintiff's affirmation in support of the motion to amend states that "no prejudice will result from the granting of this application as the proper entity was served and their counsel is aware of the pending Writ served upon the Garnishee."[1] Affidavit of Liberatore J. Iannarone in Support of Order Amending the Caption for Garnishee ¶ 7.[2]

The Court notes at the outset that Rule 60 is not the appropriate authority pursuant to which the plaintiff's request should be evaluated. Rule 60(a) states, in relevant part, that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." Though the plaintiff does not elaborate upon its theory of the applicability of Rule 60 to the present motion beyond a bare citation, the Court surmises that the plaintiff views the incorrect identification of the garnishee as a "clerical error" in "[an]other part[ ] of the record," namely the Application for a Writ of Garnishment, that may be corrected by invocation of Rule 60. Although a literal reading of the phrase "other parts of the record" might support this view, the Court notes that the specific items listed

1. A better practice under these circumstances would be for the garnishee's counsel to submit an affirmation in support of the plaintiff's motion stating the correct legal name of the entity and explicitly joining in the plaintiff's request. Nevertheless, the Court will accept the plaintiff's representations regarding its communications with the garnishee's counsel.

2. The Court notes that plaintiff's counsel's unsworn submission is incorrectly titled an "affidavit" rather than an "affirmation."

in Rule 60(a)—judgments and orders—are documents prepared and issued by the Court itself, rather than by any party, and therefore concludes, by application of the well-established canon of *ejusdem generis,* that the phrase "other parts of the record," as used in Rule 60, refers to other documents issued by the Court, and not to documents submitted by a party.[3] This conclusion is consistent with Second Circuit authority, which holds that Rule 60(a) provides a method by which to correct "judicial oversight," rather than one by which to correct similar errors committed by a party. *Dudley ex rel. Estate of Patton v. Penn–America Ins. Co.,* 313 F.3d 662, 665 (2d Cir.2002); *see also In re Frigitemp Corp.,* 781 F.2d 324, 326–327 (goal of Rule 60 is "that the court's judgment reflect an appropriate adjudication of the rights and obligations of the parties."). The plaintiff has cited no authority in support of the proposition that Rule 60(a) may be invoked to correct a clerical error contained in a pleading submitted by a party, nor is the Court aware of any such authority.

Although Rule 60 is not an appropriate method by which to grant the correction of the case caption sought by the plaintiff, it is beyond question that the Federal Rules of Civil Procedure do provide for such corrections in appropriate circumstances. Indeed, the United States Court of Appeals for the Second Circuit often makes similar corrections *sua sponte,* and without citation to any specific Rule or other authority. *See, e.g., Chen v. Gonzales,* 218 Fed.Appx. 82, 84 n. *, 2007 WL 642957, at *1 n. * (2d Cir.2007) ("The official caption is hereby amended to reflect the correct spelling of Respondent's name.")[4]; *United States v. White,* 200 Fed. Appx. 35, 35 n. * (2d Cir.2006) ("The Clerk of the Court is requested to modify the official caption to reflect the defendant-appellant's correct name."); *Bhatti v. Bd. of Immigration Appeals,* 210 Fed.Appx. 134, at 135, 2006

WL 3826633, at *1 n. * (2d Cir.2006) ("The Clerk of the Court is directed to correct the spelling of Bhatti's first name in the official caption to accord with the spelling in this order."); *Singh v. Gonzales,* 191 Fed.Appx. 24, 24 n. * (2d Cir.2006) ("The Clerk is requested to modify the official caption to reflect the correct spelling of petitioner's name, which we give here."); *Li. v. Immigration & Naturalization Serv.,* 453 F.3d 129, 129 n. 1 (2d Cir.2006) ("The Clerk is requested to modify the official caption to reflect the correct order of Li's name."). A case caption that erroneously misidentifies a party "may of course be amended with the permission of the court," but the plaintiff's request seeking that permission is appropriately construed as a motion to amend the erroneous pleading pursuant to Fed.R.Civ.P. 15 ("Rule 15"), rather than as a motion pursuant to Rule 60. *Hernandez–Avila v. Averill,* 725 F.2d 25, 27 n. 4 (2d Cir.1984) (citing Rule 15). Thus, the Court shall construe the plaintiff's motion as one to amend the Application for a Writ of Garnishment pursuant to Rule 15.

■ Rule 15(a) provides, in relevant part, that a party may amend a pleading "only by leave of the court ... and leave shall be freely given when justice so requires." "Amendments to make technical changes concerning a party" are generally permissible, *Jones v. State of Louisiana, Through the Board of Trustees for State Colleges & Univs.,* 764 F.2d 1183, 1186 (5th Cir.1985), and the practice of generally permitting such amendments "is desirable and furthers one of the basic objectives of the federal rules the determination of cases on their merits." Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990). Some courts have addressed this issue under the rubric of a "misnomer rule." "The 'misnomer' rule operates in cases where a plaintiff has actually sued and served the correct party but has

---

3. *Ejusdem generis* is "a rule of statutory construction that provides that when general words follow the enumeration of particular classes, the general words should be construed as applying only to things of the same general class as those enumerated." *Samuels, Kramer & Co. v. C.I.R.,* 930 F.2d 975, 980 n. 2 (2d Cir.1991); *see also Black's Law Dictionary* 556 (8th ed.2004) (defining *ejusdem generis* as "[a] canon of construction

that when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same type as those listed.").

4. The cited footnote is indicated by an asterisk in the case caption, rather than a numbered note.

mistakenly used the wrong name of the defendant in the original caption." *Flynn v. Best Buy Auto Sales*, 218 F.R.D. 94, 97 (E.D.Pa.2003). "The basic test under the misnomer rule is 'whether it would be reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether the plaintiff actually meant to serve and sue a different person.'" *Id.* (quoting *Munetz v. Eaton Yale and Towne, Inc.*, 57 F.R.D. 476, 479 (E.D.Pa.1973)). Although no court in the Second Circuit has adopted the "misnomer rule" nomenclature, the Court finds it to be an eminently reasonable approach to guiding the exercise of its discretion in this context. Applying the principle articulated by *Flynn*, it is readily apparent that the plaintiff named and served the correct garnishee in its initial application, and merely made a mistake as to that entity's legal name. The plaintiff should therefore be permitted to amend its application in order to reflect the correct legal name of the garnishee. This is particularly true where, as is represented to be the case here, the plaintiff's motion was prompted by the garnishee's request that the caption be amended to reflect the correct name. The plaintiff's request, construed as a motion pursuant to Rule 15(a) to amend its Application for a Writ of Garnishment, is therefore granted.

▮ The Proposed Order that the plaintiff submitted in support of its motion papers presumes that, if the plaintiff's motion to amend the caption is granted, the caption shall be "deemed amended" without the actu-al filing of an Amended Application for a Writ of Garnishment naming the proper party. While it is true that some district courts in this circuit have permitted such a constructive amendment of pleadings to add a party or to correct the identification of a party previously named,[5] the opinions that have done so are mostly unpublished and are, in any event, not binding on this Court. The Court sees no basis in the text of Rule 15(a) or in the rulings of the Second Circuit upon which to permit the plaintiff's previous application to be "deemed" amended without the submission of an actual amended document. The plaintiff is therefore instructed to file and serve an Amended Application for a Writ of Garnishment within ten days of the date of this order.

### Order Directing Answer of the Garnishee

The plaintiff also seeks an order directing the garnishee to submit an Answer within ten days. In light of the fact that the plaintiff must file its amended application before this action may proceed further, this aspect of the plaintiff's request is denied as moot. The garnishee is, however, advised that when the amended application is filed, it is obliged to respond within the time allotted by the Federal Rules of Civil Procedure.

### CONCLUSION

For the reasons stated above, the plaintiff's motion to amend its Application for a Writ of Garnishment so as to change the name of the garnishee "United Federation of Teachers Education Foundation, Inc.," in the case caption to "United Federation of Teach-

---

5. *See Goonewardena v. State of New York*, 475 F.Supp.2d 310, 316, 2007 WL 510097, at *1 (S.D.N.Y.2007) (slip copy) ("Linda Chin does not appear in the full caption of this suit but is named in the Amended Complaint and was served with the summons and complaint. The caption is deemed amended to include Ms. Chin.") (citation omitted); *In re Gen. Vision Servs., Inc.*, Adversary No. 05–1604, 2005 WL 3754053, at *1 n. 1 (Bankr.S.D.N.Y. Dec. 28, 2005) ("The caption incorrectly lists GVS as the plaintiff. The caption is deemed amended to reflect the correct plaintiff."); *Malatesta v. Credit Lyonnais*, No. 03–CV–3690, 2004 WL 1092148, at *1 n. 1 (S.D.N.Y. May 17, 2004) (where plaintiff had amended her complaint to correctly identify the defendant, but had apparently neglected to amend the case caption, "[t]he caption in this action is deemed amended to reflect that the true defendant is Credit Lyonnais, rather than Credit Lyonnais North America, Inc."); *Stanislas v. Tolson*, No. 00–CV–5419, 2002 WL 718441, at *2 (E.D.N.Y. Mar. 19, 2002) (in a *pro se* case arising under 42 U.S.C. § 1983, "plaintiff's complaint is deemed amended to include the allegations contained in his May 3, 2001 affidavit; [and] the caption of this case is hereby amended to identify Correction Officer Suber as a named defendant."); *Dale Carnegie & Assocs., Inc., v. King*, 31 F.Supp.2d 359, 366 (S.D.N.Y.1998) ("[T]he complaint is deemed amended, and the caption amended, to include Dale Carnegie Service Corporation as a plaintiff.").

ers" is hereby GRANTED. The plaintiff's request for an order instructing the garnishee to submit an Answer of the Garnishee within ten days is DENIED.

The plaintiff is instructed to file and serve an Amended Application for a Writ of Garnishment to the Court within ten days of the date of this Memorandum and Order.

SO ORDERED.