**In re RAILWORKS CORPORATION, et al., Debtors.**

**Zvi Guttman, Litigation Trustee, Plaintiff**

**v.**

**Signal Electric Construction, Defendant.**

Bankruptcy Nos. 01–64463–JS to 01–64485–JS.

Adversary No. 03–5630–JS.

United States Bankruptcy Court, D. Maryland.

Oct. 6, 2008.

Richard M. Goldberg, Shapiro Sher Guinot & Sandler, Baltimore, MD, for Litigation Trustee.

Alan M. Grochal, Tydings & Rosenberg, LLP, Baltimore, MD, for San Jose Signal Electric Construction, Inc.

Morris E. Fischer, Bethesda, MD, for Legal Enforcement Service, Inc.

Mark B. Neal, Assistant U.S. Trustee, Office of the U.S. Trustee, Baltimore, MD, for U.S. Trustee.

## MEMORANDUM OPINION DENYING MOTION FOR RECONSIDERATION OF LEGAL ENFORCEMENT SERVICES, INC., AND DISMISSING COMPLAINT

JAMES F. SCHNEIDER, Bankruptcy Judge.

The motion before the Court filed by the plaintiff, Legal Enforcement Services, Inc. ("LES") seeks to reinstate an amended default judgment against a different defendant, San Jose Signal Electric Construction, Inc.[1] For the reasons set forth, the motion for reconsideration will be denied and the complaint will be dismissed.

### FINDINGS OF FACT

1. On September 20, 2001, Railworks Corporation ("Railworks") and 22 of its affiliates filed Chapter 11 bankruptcy petitions in this Court (Case Nos. 01–64463–SD through and including 01–64485–SD, jointly administered under Case No. 01–64463–SD).[2]

2. On October 1, 2002, this Court (Derby, J.) confirmed the debtors' "Modified Second Amended Joint Chapter 11 Plan of Reorganization" ("The Plan") [P.1274].

3. The Plan created two separate entities, namely, the Reorganized Debtor and a Litigation Trust. Plan, §§ 5.15 and 5.25. Zvi Guttman was appointed Litigation Trustee ("the Trustee"). While most of

---

1. The motion filed by LES is a motion to reconsider an order that vacated an earlier order amending a default judgment against the original defendant, Signal Electric Construction, Inc., to substitute San Jose Signal Electric, Inc. in its place.

2. These cases were reassigned to the undersigned bankruptcy judge upon the retirement of Judge E. Stephen Derby, and redesignated with the initials "JS."

the assets of the estate were transferred to the Reorganized Debtor, the Plan transferred so-called "Litigation Trust Claims" to the Trustee. As defined by the plan, Litigation Trust Claims included "claims for the avoidance of any transfer by or obligation of the Estates or the Debtors under chapter 5 of the Bankruptcy Code or the recovery of the value of such transfer." *See* Plan, § I.A.1.88.

4. On September 16, 2003, the Trustee filed the instant complaint against Signal Electric Construction, asserting that "Signal Electric Company" had received $16,160.24 in preferential transfers recoverable under 11 U.S.C. § 547. On January 28, 2008, this Court issued a summons to Frank A. Garcia as registered agent for "Signal Electric Construction, Inc." at 50–C Foss Avenue, San Jose, California 95116. On February 19, 2004, the Trustee filed an affidavit [P. 4], which certified that service of the summons on Mr. Garcia was executed by first class mail on February 19, 2004.

5. The named defendant did not file an answer to the complaint.

6. There is no such California corporation known as Signal Electric Construction, Inc.

7. However, all invoices were sent to the debtor in the name of Signal Electric Construction, Inc. Motion to Reconsider, Exhibit 1.

8. On August 9, 2005, the clerk made an entry of default [P. 16], and on August 12, 2005, a default judgment [P. 18] was entered against the defendant, Signal Electric Construction, Inc., by the Court (Derby, J.) in the amount of $16,160.24, plus $150 in costs and post judgment interest.

9. On September 26, 2007, the Trustee assigned the judgment to LES.

10. On January 30, 2008, LES filed an Assignee's Affidavit of Identity and a motion to amend the judgment [P. 21], to make the judgment effective against San Jose Signal Electric Construction, Inc.

11. The motion to amend the default judgment was filed after the expiration of the applicable statute of limitations.[3]

12. The motion was served on Frank A. Garcia, the registered agent of San Jose Signal Electric Construction, Inc.

13. No opposition was filed, and on February 15, 2008, the motion was granted by order [P. 22].

14. On March 14, 2008, San Jose Signal Electric Construction, Inc. filed an emergency motion [P. 24] to vacate the order amending judgment.

15. No opposition was filed and on April 8, 2008, an order vacating the order amending judgment was docketed [P. 25].

16. On April 18, 2008, LES filed the instant motion to reconsider [P. 29].

---

3. Section 108 of the Bankruptcy Code provides, as follows:

**§ 108. Extension of time**

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

11 U.S.C. § 108(a). Because the order for relief (the bankruptcy petition) was filed on September 20, 2001, the complaint filed on September 16, 2003, was timely filed.

17. On May 2, 2008, San Jose Signal Electric Construction, Inc., filed its opposition [P. 32] to the motion.

18. On May 21, 2008, a hearing was held on the motion and opposition. The parties filed post-hearing briefs. On June 3, 2008, LES filed its brief [P. 36], followed the next day by that of San Jose Signal Electric Construction, Inc., [P. 37].

## DISCUSSION

At the hearing, counsel for the plaintiff cited the case of *Radio Parts Co. v. Lowry*, 125 B.R. 932 (D.Md.1991), and argued that it was dispositive. *Radio Parts* cited Federal Rule 15,[4] governing motions to amend a pleading to change the name of a defendant. The decision held that if the amendment of a defendant's name in a pleading was simply to correct a misnomer, the only requirement under Rule 15 is that the basic claim must have arisen out of the conduct set forth in the original pleading. *Radio Parts*, 125 B.R. at 941. There the court stated the so-called "misnomer rule," as follows:

A misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect. Under those circumstances, an amendment merely correcting that description does not entail the actual "changing" of the parties and it should be allowed as a matter of course as long as it satisfies the standard in the first sentence of Rule 15(c). *Id.* (Citations omitted).[5] However, the decision in *Radio Parts* appears to be distinguishable on its facts from the instant case.

*Radio Parts* involved a suit brought by the bankruptcy trustee of Columbia Data Products, Inc. ("Columbia"), a manufacturer and vendor of personal computers, to recover unpaid shipments of goods. Prior to its bankruptcy, Columbia entered into a contractual agreement that provided that "RPC Electronics" would distribute its products in Pennsylvania, West Virginia and Ohio. All invoices sent to Columbia

---

4. Rule 15(c) and (d) provides, as follows:

**Rule 15.  Amended and Supplemental Pleadings**

\* \* \* \* \*

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(d) Supplemental Pleadings.  On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed.R.Civ.P. 15(c) and (d).

5. When Rule 15 was rewritten in 2007 as part of a larger stylistic overhaul of the Federal Rules of Civil Procedure, no substantive changes were made.  The current enumeration of the sentence to which *Radio Parts* refers is Fed.R.Civ.P. 15(c)(1)(B).

were in the name of RPC Electronics or RPC Computer Electronics. This distinction was presumably based upon the existence of two corporations, RPC Electronics, Inc., a Pennsylvania corporation, and RPC Computer Electronics, Inc., a Texas Corporation. *Id.* at 934–35. After the contract with Columbia was formed, RPC Electronics, Inc., and several other entities merged into a new Pennsylvania corporation called Radio Parts Company, which was set up to wholly own RPC Consumer Electronics, Inc. *Id.* at 935. However, Radio Parts Company continued to send invoices to Columbia in either the name of RPC Electronics or RPC Computer Electronics. *Id.* The trustee sued RPC Consumer Electronics, Inc., and a four-day trial was held. After the trial, and while the matter was under advisement, the trustee filed a motion to amend the complaint to change the name of the defendant to "Radio Parts Company, t/a RPC Electronics." The bankruptcy court permitted the amendment and the district court affirmed.

The decision rested on several factors. The district court reasoned that the existence of three separately-named corporations reasonably led the trustee to be confused when he commenced the lawsuit. *Id.* at 940 ("[w]here intercorporate relationships exist in cases such as this all corporations are held to a higher degree of frank disclosure of mistakes such as was made in this case, than is required in other cases where no close relationship exists."), *quoting Gifford v. Wichita Falls & So. Ry.*, 224 F.2d 374, 377 (5th Cir.1955), *cert. denied*, 350 U.S. 895, 76 S.Ct. 153, 100 L.Ed. 787 (1955). The court further found that the defendant encouraged such confusion through purposely ambiguous and evasive testimony during discovery. *Id.* at 938, 76 S.Ct. 153. Finally, the court held that Radio Parts Company was not prejudiced because it could not name a poten-

tially meritorious defense that it had been prevented from asserting, had it been the named party at trial. *Id.* at 940, 76 S.Ct. 153.

There are four important differences between this case and *Radio Parts*. First, in *Radio Parts*, the trustee sued an existing corporation due to justifiable confusion about the relationships among a complex arrangement of corporate entities. In the instant complaint, the Trustee sued an entity the non-existence of which could have been verified by a brief review of California corporate records. Second, in *Radio Parts*, the defendant's evasive conduct during discovery exacerbated the trustee's confusion regarding the proper corporate defendant to sue. In the instant complaint, the defendant simply did not respond. Third, in *Radio Parts*, the court noted that the newly-named defendant was estopped from raising any defense that its subsidiary had not raised during trial. In the present complaint, the defendant has asserted the possibility of several potentially meritorious defenses, including arguments that the payments were outside the 90–day preference period and that they were made in the ordinary course of business. Fourth, and perhaps most importantly, the court must take into account the procedural history of the case. In *Radio Parts*, the court had conducted a full trial and was in the process of writing an opinion. The defendant had the opportunity to present its defense. In this case, the defendant, as was its right, did not respond to the complaint and a default judgment was entered.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(F). Venue is appropriate pursuant to 28 U.S.C § 1409.

2. As indicated, Federal Rule of Civil Procedure 15 governs the situation when one seeks to amend the name of a party defendant after judgment is entered.

3. In order for the amendment of a defendant's name in a pleading to relate back to the original, a four part test must be satisfied, namely, "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the pre-scribed limitations period."[6] *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

4. In the instant complaint, the defendant's decision not to respond is not improper, even though it had knowledge of the complaint. *Flynn v. Best Buy Auto Sales,* 218 F.R.D. 94, 100 (E.D.Pa.2003); *see also Sullivan v. Hall,* 222 B.R. 275, 279 (Bankr.E.D.Va.1998) ("Plaintiff cannot be allowed to pass its burden to defendant, regardless of whether defendant had actu-al notice and intentionally waited until af-ter the 120 days had expired to file his motion to dismiss").

5. Other factors not enumerated in Rule 15 may also be considered. *See Flynn,* 218 F.R.D. at 99, where the court found that three additional factors prohib-ited the allowance of the amendment of the defendant's name. *Id.* at 99–101. *Flynn* involved a plaintiff who obtained a default judgment against an improperly-named corporate defendant and then sought to amend the caption of that judgment. The *Flynn* court found that there was no ex-cusable reason that the plaintiff failed to name the correct defendant originally, be-cause the defendant's corporate name was available on several documents and at the Pennsylvania Department of State. *Id.* at 99. Second, the defendant had not en-gaged in any inappropriate conduct in en-couraging the plaintiff to name the wrong defendant. *Id.* at 100. Third, there was undue prejudice as a result of the delay. *Id.*

6. The facts in the instant com-plaint are closer to those facts in *Flynn* than to those in *Radio Parts.* As in *Flynn,* the plaintiff was inexcusably ne-glectful in suing an entity that did not exist. As in *Flynn,* there was no evidence of improper behavior on behalf of the de-fendant. Finally, as in *Flynn,* the delay in waiting until two-and-one half years after a default judgment was entered to amend the name of the defendant would result in prejudice by not allowing the defendant the opportunity to raise potentially merito-rious defenses. To allow LES to amend its judgment under these circumstances would violate procedural due process in the denial of the right of San Jose Signal Electric Construction, Inc., to present a defense to the complaint, even though it has done nothing improper.

WHEREFORE, the motion of Legal Enforcement Services, Inc. for reconsider-ation will be DENIED.

**ORDER ACCORDINGLY.**

---

6. Rule 15 was amended in 1991, so that cur-rently, the fourth factor is that the second and third factor must have been fulfilled within the prescribed limitations period, plus the time allowed for service under Federal Civil procedure Rule 4.